Dallas Gene ROY *v.* STATE of Arkansas

CR 06-652                                      238 S.W.3d 117

Supreme Court of Arkansas
Opinion delivered June 29, 2006

*John May*, for appellant.

No response.

Per Curiam. Appellant Dallas Roy, through his attorney John May, filed a motion for rule on clerk to file his record and have his appeal docketed. The clerk refused to docket the appeal based on a failure to comply with Arkansas Rules of Appellate Procedure–Civil 5(b)(1), regarding an extension of time to file the record.

Attorney John May represented appellant below. The court entered an amended judgment and commitment order on November 3, 2005. The next day, Mr. May filed a motion to be relieved as attorney of record, but no order granting the motion or substituting counsel appears in the record. On November 14, 2005, appellant filed a *pro se* motion to file the record as a pauper, stating that he had no money or assets to pay for the trial transcript. There is no order granting the motion. Appellant also filed a timely *pro se* notice of appeal on the same day.

After the filing of the notice of appeal, it appears that Larry Dean Kissee was hired to represent appellant, although there is neither an order relieving Mr. May nor a petition by Mr. Kissee to be substituted as counsel. On January 5, 2006, Mr. Kissee filed a motion for extension of time to file the record. In that motion, he stated that the trial court no longer had jurisdiction to grant appellant's motion to be found indigent. The motion stated that the appellant ordered the trial transcript but was unable to pay for

it. Further, appellant's attorney stated that the reason for the needed extension of time to file the record was the delay in obtaining a determination of appellant's indigency. The court found good cause was shown that the motion should be granted and extended the time for lodging the record to May 24, 2006. To date, no motion to proceed *in forma pauperis* has been filed with the clerk of this court.

When determining the timeliness of a record on appeal, the Arkansas Supreme Court clerk applies Arkansas Rule of Appellate Procedure–Civil 5(b)(1), to civil and criminal cases. That rule provides:

> (1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:
>
> (A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;
>
> (B) The time to file the record on appeal has not yet expired;
>
> (C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;
>
> (D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required by its preparation; and
>
> (E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal.

■ This court has made it clear that there must be strict compliance with the requirements of Rule 5(b), and that we do not view the granting of an extension as a mere formality. *See White v. State,* 366 Ark. 295, 234 S.W.3d 882 (2006); *Rackley v. State,* 366 Ark. 232, 234 S.W.3d 314 (2006). The record before us does not show strict compliance with Rule 5(b)(1).

We further note that Mr. May is still counsel of record for appellant. Rule 16 of the Rules of Appellate Procedure–Criminal provides:

Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause. After the notice of appeal of a judgment of conviction has been filed, the Supreme Court shall have exclusive jurisdiction to relieve counsel and appoint new counsel.

Because Mr. May was not relieved before the notice of appeal was filed, he was obliged to perfect the appeal. *Sanders v. State*, 329 Ark. 363, 952 S.W.2d 113 (1997). While the clerk's office has received correspondence from Mr. Kissee on appellant's behalf, no motion for substitution of counsel has been filed with this court as required by Rule 16. Accordingly, Mr. May remains appellant's counsel until relieved by this court.

Remanded for compliance with Rule 5(b)(1).