Pamela TERRY *v.* STATE of Arkansas

CR 06-688                                           238 S.W.3d 922

Supreme Court of Arkansas
Opinion delivered September 14, 2006

---

*The Blagg Law Firm,* by: *Ralph J. Blagg,* for appellant.

No response.

Per Curiam. Appellant Pamela Terry, by and through her attorney, has filed a motion for rule on clerk to file her record and have her appeal docketed. The clerk refused to docket the appeal due to a failure to comply with Arkansas Rule of Appellate Procedure – Civil 5(b)(1)(C).

This court has held that Rule 5(b)(1) applies to both civil and criminal cases for the determination of the timeliness of a record on appeal. *See Roy v. State,* 367 Ark. 178, 238 S.W.3d 117 (2006). That rule provides:

> (1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

> (A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

> (B) The time to file the record on appeal has not yet expired;

> (C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

> (D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required by its preparation; and

> (E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal.

Ark. R. App. P. – Civil 5(b)(1).

On March 2, 2006, the circuit judge entered an order extending the appellant's deadline to file the transcript to June 14, 2006. The appellant's attorney admittedly failed to include in the

order extending the time to file the transcript that all parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing, as required by Rule 5(b)(1)(C). The record, which was originally due on March 16, 2006, was, in fact, tendered on June 12, 2006. However, because the order granting an extension of time to file the transcript did not comply with Rule 5(b)(1), the clerk considered the record late and refused to docket it.

We have held that "there must be strict compliance with the requirements of Rule 5(b), and that we do not view the granting of an extension as a mere formality." *Roy*, 367 Ark. at 179, 238 S.W.3d at 119; *see also White v. State*, 366 Ark. 295, 234 S.W.3d 882 (2006); *Rackley v. State*, 366 Ark. 232, 234 S.W.3d 314 (2006). Accordingly, we remand this matter to the circuit court for compliance with Rule 5(b)(1)(C). *See White, supra.*

IMBER, J., concurs.

JIM GUNTER, Justice, concurring. While I agree our rules require the majority decision, I write because it is time to overhaul Rule 5(b)(1)(C) of the Arkansas Rules of Appellate Procedure – Civil.

Article 2 § 13 of the Arkansas Constitution states:

> Every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character; he ought to obtain justice freely, and without purchase; completely, and without denial; promptly and without delay; conformably to the laws.

In this case, we are requiring strict compliance with a rule when neither litigant has objected. We want an order from the Circuit Court stating that, as a minimum, the parties have had an opportunity to be heard. However, the parties have little to do with the real problem, that is, the court reporter's time. Under our current rule, when the court reporter needs more time to finish the transcript, we interrupt the work of completing the transcript in order to have a hearing to determine whether to authorize more time for completion of the transcript. When the court reporter is unable to get it all done on time, why extend the time by requiring extra work not requested by either party?

I suggest a review of our rule with a view to practicality balanced against the standard of our constitution which promises "justice freely" and "without delay."