Luwalhati LALOTA  *v.*  STATE of Arkansas

CR 06-821                                                    240 S.W.3d 574

Supreme Court of Arkansas
Opinion delivered October 5, 2006

Appellant, *pro se.*

No response.

PER CURIAM. Appellant Luwalhati Admana Johnson, aka Luwalhati Lalota, acting pro se, has filed a motion for rule on clerk asking this court to direct the clerk of the court to file her record and have her appeal docketed. The clerk refused to docket her appeal and would not accept the record due to a failure to comply with Arkansas Rule of Appellate Procedure – Civil 5(b)(1)(C). Appellant explains that by its plain meaning Rule 5(b)(1)(C) does not make a hearing mandatory because all parties may have the opportunity to be heard either at a hearing or by responding in writing. If neither a hearing nor a response in writing takes place, the Appellant maintains that a waiver has occurred and the extension for time may be granted.

This court has held that Rule 5(b)(1) applies to both civil and criminal cases for the determination of the timeliness of a record on appeal. *See Roy v. State*, 367 Ark. 178, 238 S.W.3d 117 (2006). Rule 5(b)(1) provides:

(1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order

entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

(A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

(B) The time to file the record on appeal has not yet expired;

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

(D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required by its preparation; and

(E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal.

Ark. R. App. P.–Civil 5(b)(1).

On August 8, 2006, the circuit judge entered an order extending the Appellant's deadline to file the record to October 10, 2006. The order extending the time to file the record did not include a statement that all parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing, as required by Rule 5(b)(1)(C). However, the order did state that a hearing was not requested and the prosecuting attorney did not file an objection. The record, which was originally due on August 8, 2006, was tendered with the clerk's office on August 24, 2006.

We have held that "there must be strict compliance with the requirements of Rule 5(b), and that we do not view the granting of an extension as a mere formality." *Roy*, 367 Ark. at 179, 238 S.W.3d at 119; *see also White v. State*, 366 Ark. 295, 234 S.W.3d 882 (2006); *Rackley v. State*, 366 Ark. 232, 234 S.W.3d 314 (2006). An order granting an extension of time must show that all parties have had an opportunity to be heard, either at a hearing or by responding in writing. Ark. R. App. P.–Civil 5(b)(1)(C).

Failure to comply with either option explained in Rule 5(b)(1)(C) does not constitute a waiver. Accordingly, we remand this matter to the circuit court for compliance with Rule 5(b)(1)(C). *See White, supra.*