Kenneth MUNN *v.* STATE of Arkansas

CR 06-1216                                             242 S.W.3d 614

Supreme Court of Arkansas
Opinion delivered November 9, 2006

*Arrington Law Firm, PLLC*, by: *Claudene T. Arrington*, for appellant.

No response.

PER CURIAM. Appellant Kenneth Munn filed a motion for rule on clerk asking this court to direct the clerk of the court to file his record and have his appeal docketed. The clerk refused to docket his appeal because the order for extension of time was inadequate and the record failed to comply with Arkansas Rule of Appellate Procedure – Civil 5(b).

This court has held that Rule 5(b)(1) applies to both civil and criminal cases for the determination of the timeliness of a record on appeal. *See Roy v. State*, 367 Ark. 178, 238 S.W.3d 117 (2006). Rule 5(b)(1) provides:

> (1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:
>
> > (A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;
> >
> > (B) The time to file the record on appeal has not yet expired;
> >
> > (C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;
> >
> > (D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required by its preparation; and
> >
> > (E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal.

Ark. R. App. P. – Civil 5(b)(1).

■ The circuit judge entered an order extending the Appellant's deadline to file the record to October 21, 2006. The record was tendered with the clerk's office on October 19, 2006, but it was rejected. The order extending the time to file the record did not include a statement that "[a]ll parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing," as required by Rule 5(b)(1)(C).

This court has made it very clear that we expect "strict compliance with the requirements of Rule 5(b), and that we do not view the granting of an extension as a mere formality." *Roy*, 367 Ark. at 179, 238 S.W.3d at 119; *see also White v. State*, 366 Ark. 295, 234 S.W.3d 882 (2006). An order granting an extension of time must show that all parties have had an opportunity to be heard, either at a hearing or by responding in writing. Ark. R. App. P. – Civil 5(b)(1)(C). Accordingly, we remand this matter to the circuit court for compliance with Rule 5(b)(1)(C).