Thurman RUSSELL *v.* STATE of Arkansas

CR 06-1425                                    246 S.W.3d 856

Supreme Court of Arkansas
Opinion delivered January 11, 2007

*Miller Law Firm*, by: *Randel Miller*, for appellant.

No response.

P ER CURIAM. Appellant Thurman Russell, by and through his attorney Randel Miller, has filed a motion for rule on clerk to file his record and have his appeal docketed. The clerk refused to accept the record. Although the motion does not state the reason for this refusal, it can be assumed that the clerk refused to docket the appeal and accept the record based on a failure to comply with Arkansas Rule of Appellate Procedure – Civil 5(b)(1).

This court has held that Rule 5(b)(1) applies to both civil and criminal cases for the determination of the timeliness of a record on appeal. *See Lalota v. State*, 367 Ark. 418, 240 S.W.3d 574 (2006) (per curiam). Rule 5(b)(1) provides:

> (1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

> (A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

> (B) The time to file the record on appeal has not yet expired;

> (C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

> (D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and

    (E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal.

In the present case, two extensions for filing the record were requested by the court reporter. The requests for extension for filing the record and the orders extending the time were timely entered; however, those orders failed to state that a hearing was held or that the State agreed to entry of the order. The record was tendered with the clerk's office on December 1, 2006.

█ We have held that "there must be strict compliance with the requirements of Rule 5(b), and that we do not view the granting of an extension as a mere formality." *Roy v. State*, 367 Ark. 178, 179, 238 S.W.3d 117, 119 (2006) (per curiam); *see also Lalota*, 367 Ark. 418, 240 S.W.3d 574; *Terry v. State*, 367 Ark. 236, 238 S.W.3d 922 (2006) (per curiam). An order granting an extension of time must show that all parties have had an opportunity to be heard, either at a hearing or by responding in writing. Ark. R. App. P.–Civil 5(b)(1)(C). The record before us does not show strict compliance with Rule 5(b)(1). Accordingly, we remand this matter to the trial court for compliance with Rule 5(b)(1).

Remanded.