David Edward MOTES *v.* STATE of Arkansas

CR 07-29                                                247 S.W.3d 815

Supreme Court of Arkansas
Opinion delivered January 25, 2007

*Beverly C. Claunch*, for appellant.

No response.

PER CURIAM. Appellant David Edward Motes, by and through his attorney, Beverly C. Claunch, has filed a

motion for rule on clerk. The record reflects that appellant timely filed his notice of appeal on September 13, 2006, making his record on appeal due on or before December 12, 2006. On December 12, the circuit court entered an order extending the time for filing the transcript to January 19, 2007. Appellant states that when he attempted to tender the record to this court's clerk on January 3, 2007, the clerk refused to docket the record because the order of extension entered on December 12 did not comply with the requirements of Ark. R. App. P. – Civ. 5(b). Appellant subsequently filed the present motion.

Rule 5(b)(1), provides:

(b) *Extension of time.*

(1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

(A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

(B) The time to file the record on appeal has not yet expired;

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

(D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and

(E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal.

Ark. R. App. P. – Civ. 5(b)(1) (2006). This court has made it very clear that we expect strict compliance with the requirements of Rule 5(b) and that we do not view the granting of an extension as a mere formality. *See, e.g., Russell v. State,* 368 Ark. 439, 246 S.W.3d 856

(2007) (per curiam); *Davis v. State*, 368 Ark. 380, 246 S.W.3d 439 (2007) (per curiam); *Munn v. State*, 368 Ark. 34, 242 S.W.3d 614 (2006) (per curiam). The order of extension in this case makes no reference to each of the findings of the circuit court required by the rule. Accordingly, we remand the matter to the circuit court for compliance with Rule 5(b).

Remanded.