Christopher MOBLEY *v.* Heather DOOLEY

07-72                                                     249 S.W.3d 808

Supreme Court of Arkansas
Opinion delivered February 8, 2007

*Mikke Connealy*, for appellant.

No response.

PER CURIAM. Appellant Christopher Mobley, by and through his attorney, Mikke Connealy, moves this court for a rule on clerk. The notice of appeal in the matter was filed on September 25, 2006, making the record due no later than December 27, 2006.[1] On December 19, 2006, Ms. Connealy filed a motion for extension of time in which to file the record.

On December 22, 2006, the circuit court issued a letter opinion in which it found that all of the requirements of Ark. R. App. P. – Civ. 5(b) had not been met. Specifically, the circuit court stated that while the motion for extension of time met the other requirements of Rule 5, it did not establish that financial arrangements had been made with the court reporter for preparation of the record:

> The affidavit [of the court reporter, which was attached to the motion for extension of time,] says that the notice of appeal said that the entire record was being requested from the reporter. The affidavit goes on to state that the reporter had sent additional communications regarding what record was desired and that she got a request for a transcript of only one hearing, apparently a part of the entire record in the matter. She said that she got a check for $460.00 on November 15, 2006 apparently for that one hearing. The reporter did not comment on whether that check was sufficient to cover half of the estimated cost as per the statute. <u>A.C.A. 16-13-510(c).</u>

The circuit court found that it had to address the questions raised by the record before it could enter an order granting the extension and noted that the "record remain[ed] open for proof of whether timely financial arrangements [were] made <u>in the manner required by Rule 5</u> and the statute referenced above." It then set the matter for a hearing to be held Wednesday, December 27, by telephone conference call.

---

[1] The record was actually due on December 24, which was a Sunday, and the following day, December 25, was Christmas. In addition, the clerk's office was closed on Tuesday, December 26. Thus, pursuant to Ark. R. Civ. P. 6, the record became due on Wednesday, December 27, 2006.

On December 27, 2006, counsel for the appellant filed an amended motion for extension of time in which to file the record. That same day, the circuit court issued its order denying the motion and amended motions for extension of time. In it, the circuit court found that the appellant had not demonstrated that he had, prior to filing of the notice of appeal, made financial arrangements with the court reporters for the designated record as required by the rule, and that up until the time of the instant order, counsel for the appellant had not demonstrated that appellant had, in fact, ordered and made financial arrangements, as required, for the production of all the stenographically reported material constituting the record, from all of the court reporters involved, which he had designated in his notice of appeal. For that reason, the circuit court denied appellant's motion for extension of time. The appellant now brings the instant motion for rule on clerk. We deny the motion.

Arkansas Rule of Appellate Procedure – Civil 5(b)(1), provides:

(b) *Extension of time.*

(1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

(A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

(B) The time to file the record on appeal has not yet expired;

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

(D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and

(E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal.

Ark. R. App. P. – Civ. 5(b)(1) (2006). With respect to Rule 5(b), this court has made it very clear that we expect strict compliance with the requirements of the rule and that we do not view the granting of an extension as a mere formality. *See, e.g., Russell v. State*, 368 Ark. 439, 246 S.W.3d 856 (2007) (per curiam); *Davis v. State*, 368 Ark. 351, 246 S.W.3d 433 (2007) (per curiam); *Munn v. State*, 368 Ark. 34, 242 S.W.3d 614 (2006) (per curiam).

Our rules further provide that the record on appeal shall be filed with the clerk of this court and docketed therein within ninety days from the filing of the first notice of appeal, unless the time is extended by order of the circuit court as provided in Ark. R. App. P. – Civil 5(b). *See* Ark. R. App. P. – Civ. 5(a) (2006). Here, there was no order extending the time in which to file the record. Because the record was due to be filed no later than December 27, 2006, and was not tendered to the court's clerk until January 19, 2007, we deny the appellant's motion for rule on clerk.

Motion denied.

GLAZE, J., would grant.