Billy Ray SHELTON *v.* STATE of Arkansas

CR 07-935                                    263 S.W.3d 558

Supreme Court of Arkansas
Opinion delivered September 27, 2007

*Joseph C. Self,* for appellant.

No response.

PER CURIAM. Appellant Billy Ray Shelton, by and through his attorney, Joseph C. Self, brings the instant motion for

---

rule on clerk after the clerk of this court refused to accept the record in this case due to noncompliance with Ark. R. App. P. – Civ. 5(b). The clerk refused the filing because there was no finding in the order by the circuit court that "[a]ll parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing" as required by Rule 5(b)(1)(C). Shelton admits that there is a violation of Rule 5; nevertheless, Shelton asks this court to grant the instant motion because the violation of Rule 5 was a mere technical violation.

Rule 5(b)(1)(C) provides in part:

(b) *Extension of time.*

(1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period . . . may extend the time for filing the record only if it makes the following findings:

. . . .

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing[.]

This court has made it very clear that we expect strict compliance with the requirements of Rule 5(b), and that we do not view the granting of an extension as a mere formality. *See, e.g., Russell v. State*, 368 Ark. 439, 246 S.W.3d 856 (2007) (per curiam); *Roy v. State*, 367 Ark. 178, 238 S.W.3d 117 (2006) (per curiam). The order of extension in this case makes no reference to the findings of the circuit court required under Rule 5(b)(1)(C). Accordingly, we remand this matter to the circuit judge for compliance with Rule 5(b)(1)(C).

Remanded.