Brian ROBINSON *v.* STATE of Arkansas

CR 07-887                                                    262 S.W.3d 140

Supreme Court of Arkansas
Opinion delivered October 4, 2007

*Grant DeProw*, for appellant.

No response.

PER CURIAM. Appellant Brian Robinson, by and through his attorney, has filed a motion for rule on clerk. The court treats these motions as Motion for Belated Appeal. His attorney, Grant DeProw, states in the motion that the record was tendered late due to a mistake on his part.

Because DeProw has admitted fault, this motion is granted pursuant to *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). A copy of this opinion will be forwarded to the Committee on Professional Conduct.

GUNTER, J., concurs.

JIM GUNTER, Justice, concurring. I agree with the disposition and write to call for reconsideration of Rule 5. Our stated purpose of Rule 5 was to eliminate unnecessary delay in the docketing of appeals. We also point out that the rule was expected to allow "lawsuits to proceed as expeditiously as possible." *Alexander v. Beaumont*, 275 Ark. 357, 629 S.W.2d 300 (1982). Rule 5 has done anything but accomplish this purpose.

While our Rule 5 was adopted as a civil measure, we have held that it applies to both civil and criminal cases. *Roy v. State*, 367 Ark. 178, 238 S.W.3d 117 (2006). Rule 5(b)(1) provides in pertinent part:

> (1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

> (C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

*Id.* We have made it clear that there must be strict compliance with the requirements of Rule 5(b), and that we do not view the granting of an extension as a mere formality. *McGahey v. State*, 370 Ark. 525, 262 S.W.3d 141 (2007). However, in the past, we have routinely granted the motion for belated appeal after receiving an amended order reflecting that all parties had an opportunity to be heard. *See, e.g., State v. Lalota*, letter order granting rule on clerk, CACR06-821, Mar. 14, 2007; and *Tobias v. Clark*, letter order granting rule on clerk, CA07-16, Mar. 8, 2007.

In this case, appellant timely filed his notice of appeal. Although the record was timely tendered, our clerk refused to accept the record, because the circuit court's order granting appellant an extension of time to file the record made no reference to all parties having an opportunity to be heard. By *per curiam* order dated September 13, 2007, we remanded this case to the trial court for compliance with Rule 5(b)(1)(C). Now, counsel for appellant admits fault, and admits that he did not notify the State of his motion or request a hearing on the matter. Now that we have that information, we can proceed after denying the appellant a speedy disposition of his appeal, quite contrary to the purpose espoused in applying Rule 5.

Our court should not put itself into a position of raising issues on behalf of a party not objecting. Rule 5 should offer an avenue to allow the criminal appeal to proceed while the Court tends to its supervision of the trial court and the appellant's counsel. For these reasons, I concur.