Lisa Ann RIVERS *v.* STATE of Arkansas

CR 07-1126                                      271 S.W.3d 520

Supreme Court of Arkansas
Opinion delivered January 17, 2008

*Denny Hyslip*, for appellant.

No response.

PER CURIAM. Appellant Lisa Rivers, by and through her attorney Denny Hyslip, has filed a petition for writ of certiorari to complete the record. On March 28, 2007, a criminal conviction was entered against Rivers in the Madison County Circuit Court. A timely notice of appeal was filed on April 27, 2007. Under Ark. R. App. P.–Civ. 5(a), the record had to be filed within ninety days of April 27, 2007, unless the time period was extended by the circuit court.

There were difficulties in getting the record completed, and on July 25, 2007, Rivers obtained an order purporting to grant the maximum seven-month extension permitted under Ark. R. App. P.–Civ. 5(b)(2). This was intended to extend the time within which to file the record until October 28, 2007. On October 1, 2007, the court reporter informed Rivers that due to her workload, the record could not be completed by October 28, 2007.

On October 26, 2007, Rivers filed a partial record with this court to confer jurisdiction and a petition for a writ of certiorari seeking an order from this court under Ark. Sup. Ct. R. 3-5 for an extension of time for the court reporter to complete the record. However, the matter was remanded by this court for failure to comply with Ark. R. App. P.–Civ. 5(b)(1)(C), which requires that the circuit court order under Ark. R. App. P.–Civ. 5(a) extending time to file the record show that all parties have had the opportunity to be heard on the motion either at a hearing or by responding in writing. In other words, this matter was remanded for Rivers to return to this court with evidence that all parties to the July 25, 2007 order granting the seven-month extension of time had an opportunity to be heard on the motion either at a hearing or by responding in writing. We are instead provided with a December 12, 2007 order granting an extension to December 15, 2007, within which to file the record. The record was tendered on December 14, 2007. On December 12, 2007, the circuit court lacked jurisdiction to grant an extension because more than seven months had passed from the date of the filing of the notice of appeal. *See* Ark. R. App. P.–Civ. 5(b)(2). The December 12, 2007 order does not resolve the question of whether all parties had an opportunity to be heard on the July 25, 2007 order.

We require strict compliance with Rule 5(b); the granting of an extension is not a mere formality. *Roy v. State*, 367 Ark. 178, 144 S.W.3d 738 (2006). The record has now been tendered, but it was untimely when tendered on December 14, 2007. Therefore, the petition for writ of certiorari is granted to order that the record be filed in this court. However, it is apparent on the record that counsel is at fault for the failure to timely file the record. *See MacDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). Therefore, as to attorney Hyslip we will treat this petition for writ of certiorari as a motion for rule on clerk. We grant the motion. A copy of this opinion will be forwarded to the Committee on Professional Conduct.