Sedrick GRIDDINE *v.* STATE of Arkansas

CR 08-191                                        284 S.W.3d 523

Supreme Court of Arkansas
Opinion delivered May 22, 2008

*Sara M. Hartness*, for appellant.

No response.

PER CURIAM. On February 28, 2008, we remanded this matter to the circuit court for compliance with Arkansas Rule of Appellate Procedure–Civil 5(b)(1) (2007), and on May 8, 2008, an amended order for extension of time to file the record on appeal was filed with this court's clerk. Mr. Griddine's motion for rule on clerk, by and through his attorney, Sara M. Hartness, is now before us.

In *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004), we clarified our treatment of motions for rule on clerk and motions for belated appeals. There we said:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

356 Ark. at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he or she has erred and is responsible for the failure to perfect the appeal. *See id*. When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. *See id*. If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *See id*.

Arkansas Rule of Appellate Procedure–Civil 5(a) (2007) provides that the record on appeal shall be filed within ninety days from the filing of the first notice of appeal, "unless the time is extended by order of the circuit court *as hereinafter provided*." Ark. R. App. P.–Civ. 5(a) (emphasis added). Rule 5(b)(1) sets forth the findings required to be made by the circuit court when granting an extension of time in which to file the record:

(b) *Extension of time.*

(1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

(A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

(B) The time to file the record on appeal has not yet expired;

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

(D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and

(E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal.

Ark. R. App. P.–Civ. 5(b)(1). We expect strict compliance with this rule, *see Russell v. State*, 368 Ark. 439, 246 S.W.3d 856 (2007) (per curiam), and have explained that, upon remand for compliance with the rule, a circuit court shall determine whether the rule was complied with at the time the original motion for extension of time was filed and granted. *See Bond v. State*, 373 Ark. 37, 280 S.W.3d 20 (2008) (per curiam).

After reviewing the amended order returned on remand, we are still unable to determine whether Rule 5(b)(1) was complied with *at the time the original motion for extension of time was filed and granted.* Accordingly, we conclude that a proper order of extension was not obtained by Mr. Griddine. Because a proper extension of time was not obtained, Mr. Griddine's time for filing the record was not extended, and his record was not timely filed. It is, therefore, plain from the record that there was error on Ms. Hartness's part in that Mr. Griddine's record was not timely filed.

Pursuant to *McDonald v. State, supra,* we grant Mr. Griddine's motion for rule on clerk and forward a copy of this opinion to the Committee on Professional Conduct.

Motion granted.