Mark Anthony HOLSOMBACH *v.* STATE of Arkansas

CR 06-550                                                    237 S.W.3d 472

Supreme Court of Arkansas
Opinion delivered June 22, 2006

*Taylor Law Firm*, by: *Stevan E. Vowell*, for appellant.

No response.

PER CURIAM. Appellant Mark Anthony Holsombach, by and through his attorney Stevan E. Vowell, has filed a motion for rule on clerk. The record reflects that Appellant timely filed his notice of appeal on November 28, 2005, making his record on appeal due on or before February 26, 2006. On February 6, 2006, the Van Buren Circuit Court entered an order extending the time for filing the transcript to May 15, 2006. When Appellant attempted to tender the record on May 15, 2006, the clerk of this court refused to accept it because the order of extension entered on February 6 did not comply with the requirements of Ark. R. App. P.–Civ. 5(b). Appellant subsequently filed the present motion.

Rule 5(b)(1)(C) states in part:

> (b) *Extension of time.*
>
> (1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period . . . may extend the time for filing the record only if it makes the following findings:

(A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

(B) The time to file the record on appeal has not yet expired;

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing[.]

This court has made it very clear that we expect strict compliance with the requirements of Rule 5(b), and that we do not view the granting of an extension as a mere formality. *See, e.g., Hairgrove v. Oden*, 365 Ark. 53, 223 S.W.3d 827 (2006) *(per curiam); Hickson v. Arkansas Dep't of Human Servs.*, 357 Ark. 577, 182 S.W.3d 483 (2004) *(per curiam); Rose Care, Inc. v. Jones*, 355 Ark. 682, 144 S.W.3d 738 (2004) *(per curiam)*. Thus, before a trial court may enter an order of extension: (1) the appellant must request the extension; (2) notice must be given to the appellee; (3) a hearing must be held on the request; and (4) the trial court must make findings to support an extension. *See Murphy v. Dumas*, 343 Ark. 608, 36 S.W.3d 351 (2001) *(per curiam)*.

■ Here, though it appears that both parties were given notice of the extension, the request for the extension was not properly brought by Appellant.[1] There was no hearing held on the requested extension, and the order granting the extension makes no reference to any findings of the circuit court. As a result, the order of extension entered by the trial court was void, but because counsel for Appellant has accepted responsibility for failing to comply with the requirements of Rule 5 and timely filing the record in the instant case, we grant the motion for rule on clerk. A copy of this *per curiam* will be forwarded to the Committee on Professional Conduct.

Motion granted.

---

[1] The court reporter filed a "motion" requesting an extension of time to prepare the transcript and stated therein that both the prosecutor and counsel for Appellant had agreed to such an extension.