Wilson McCRACKIN, Jr. *v.* STATE of Arkansas

CR 06-995                                               240 S.W.3d 97

Supreme Court of Arkansas
Opinion delivered September 28, 2006

*Gary W. Potts*, for appellant.

No response.

PER CURIAM. Appellant Wilson McCrackin filed a motion for rule on clerk to file his record and have his appeal docketed. The clerk refused to docket the appeal based on a failure to comply with Ark. R. App. P. – Civil 5(b). Rule 5(b) concerns the extension of time within which to file the record and provides:

(1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

(A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

(B) The time to file the record on appeal has not yet expired;

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

(D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and

(E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal.

*See Petras v. State*, 363 Ark. 373, 214 S.W.3d 264 (2005); *Camp v. State*, 362 Ark. 100, 207 S.W.3d 454 (2005).

█ The circuit judge found that appellant had shown good cause for granting an extension of time, and he extended the deadline to October 1, 2006, or seven months from the date of the judgment and commitment entered on March 1, 2006; however, there is nothing in the order to indicate that "[a]ll parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing," as required by Ark. R. App. P. – Civ. 5(b)(1)(C).

This court has made it very clear that we expect strict compliance with the requirements of Rule 5(b), and that we do not view the granting of an extension as a mere formality. *See Petras, supra.* Accordingly, we remand this matter to the circuit judge for compliance with Rule 5(b)(1)(C).

Remanded.