## Kenneth HARRISON *v.* STATE of Arkansas

CR 07-357                                                    256 S.W.3d 482

Supreme Court of Arkansas
Opinion delivered May 3, 2007

*Bill Luppen*, for appellant.

No response.

P ER CURIAM. Appellant Kenneth Harrison, by and through his attorney, Bill Luppen, has filed a motion for belated appeal. The clerk refused to accept the record because it was untimely. Counsel concedes in his motion for belated appeal before this court that he did not give all parties an opportunity to be heard on Harrison's motion to extend the time for filing the transcript under Ark. R. App. P. – Civ. 5(b)(1)(C).[1] The record thus reflects that counsel did not strictly comply with Rule 5.

We have held that Rule 5(b)(1) applies to both civil and criminal cases for the determination of the timeliness of a record on appeal. *See Roy v. State*, 367 Ark. 178, 238 S.W.3d 117 (2006) (per curiam). Rule 5(b)(1) provides in pertinent part:

> (1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

---

[1] Although a motion for extension of time appears in the record, that motion does not bear a file-stamp from the circuit clerk's office.

. . . .

    (C)  All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing.

*Id.* We have made it clear that there must be strict compliance with the requirements of Rule 5(b), and that we do not view the granting of an extension as a mere formality. *See White v. State,* 366 Ark. 295, 234 S.W.3d 882 (2006) (per curiam); *Rackley v. State,* 366 Ark. 232, 234 S.W.3d 314 (2006) (per curiam).

    ■   As the record before us does not comply with this rule, we remand this case to the trial court for compliance with Rule 5(b)(1)(C).

Remanded.