Sarah LANCASTER *v.* Rance Douglas CARTER

07-1284                                                           271 S.W.3d 522

Supreme Court of Arkansas
Opinion delivered January 17, 2008

*Steven Jackson*, for appellant.

No response.

PER CURIAM. Appellant, Sarah Lancaster, by and through her attorney, Steven Jackson, has filed a motion for rule on clerk to file her record and have his appeal docketed. The clerk refused to accept the record. The record before us does not show strict compliance with Arkansas Rules of Appellate Procedure – Rule 5(b)(1)(C), as all parties have not had an opportunity to be heard on appellant's motions to extend time for filing the transcript.

We have held that Rule 5(b)(1) applies to both civil and criminal cases for the determination of the timeliness of a record on appeal. *See Roy v. State*, 367 Ark. 178, 238 S.W.3d 117 (2006) (per curiam). Rule 5(b)(1) provides in pertinent part:

(1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order

entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

*Id.*

We have made it clear that there must be strict compliance with the requirements of Rule 5(b), and that we do not view the granting of an extension as a mere formality. *See White v. State*, 366 Ark. 295, 234 S.W.3d 882 (2006); *Rackley v. State*, 366 Ark. 232, 234 S.W.3d 314 (2006). We bring to your attention *Keela McGahey v. State of Arkansas*, opinion delivered on Dec. 13, 2007, wherein this court explained that, upon a remand for compliance with Ark. R. App. P. – Civ. 5(b)(1)(C), the circuit court shall determine whether the rule was complied with *at the time the original motion for extension of time was filed and granted*. This court further stated that the circuit court should not permit the parties the opportunity to correct any deficiencies, but instead should make the findings required by the rule as if they were being made at the time of the original motion. Should the requirements not have been met at the time of the initial motion for extension and order, the circuit court's order upon remand should so reflect and be returned to this court. As the record before us does not comply with this rule, we remand this case to the trial court for compliance with Rule 5(b)(1)(C).