James E. HORVATH *v.* STATE of Arkansas

CR 07-1282                                                    271 S.W.3d 524

Supreme Court of Arkansas
Opinion delivered January 17, 2008

*Patrick J. Benca*, for appellant.

No response.

PER CURIAM. Appellant James Horvath filed a motion for rule on clerk seeking an order of this court directing the Arkansas Supreme Court Clerk to accept his record for filing. Appellant tendered the record on December 11, 2007, under an extension of time granted by the circuit court on August 13, 2007. The clerk refused to file the record because the extension order did not comply with Ark. R. App. P.–Civ. 5(b)(1).

We have held that Rule 5(b)(1) applies to both civil and criminal cases for the determination of the timeliness of a record on appeal. *See Harrison v. State*, 369 Ark. 518, 256 S.W.3d 482 (2007) (per curiam). Rule 5(b)(1) provides:

> (b) *Extension of time.*
>
> (1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:
>
> (A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

(B) The time to file the record on appeal has not yet expired;

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

(D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and

(E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal.

This court has made it very clear that we expect strict compliance with the requirements of Rule 5(b), and that we do not view the granting of an extension as a mere formality. *See Harrison,* 369 Ark. 518, 256 S.W.3d 482. The order of extension in this case makes no reference to the findings of the circuit court as required by Rule 5(b)(1). Accordingly, we remand this matter to the circuit judge for compliance with Rule 5(b)(1).

Furthermore, we take this opportunity to note that the record does not indicate that a motion for extension of time was filed with the circuit court. As we recently pointed out, upon remand for compliance with Rule 5(b)(1),

> the circuit court shall determine whether the rule was complied with *at the time the original motion for extension of time was filed and granted.* The circuit court should not permit the parties the opportunity to correct any deficiencies, but instead should make the findings required by the rule as if they were being made at the time of the original motion. Should the requirements not have been met at the time of the initial motion for extension and order, the circuit court's order upon remand should so reflect and be returned to this court. We again emphasize that we do not view the granting of an extension of time as a mere formality. *See White v. State,* 366 Ark. 295, 234 S.W.3d 882 (2006); *Rackley v. State,* 366 Ark. 232, 234 S.W.3d 314 (2006).

*McGahey v. State,* 372 Ark. 46, 46, 269 S.W.3d 814, 815 (2007) (per curiam).

Remanded.