Sedrick GRIDDINE *v.* STATE of Arkansas

CA CR 08-191                                    277 S.W.3d 567

Supreme Court of Arkansas
Opinion delivered February 28, 2008

P ER CURIAM. Appellant Sedrick Griddine, by and through his attorney, Sara M. Hartness, has filed a motion for rule on clerk. The record reflects that appellant timely filed his notice of appeal on September 18, 2007, but a motion for extension of time was filed the next day due to a backlog in the court reporter's schedule. On September 25, 2007, the circuit court entered an order extending the time for filing the transcript to February 15, 2008. The clerk refused to docket the record because the order of extension entered on September 25 did not comply with the requirements of Ark. R. App. P.–Civ. 5(b). Appellant subsequently filed the present motion.

We have held that Rule 5(b)(1) applies to both civil and criminal cases for the determination of the timeliness of a record on appeal. *See Harrison v. State*, 369 Ark. 518, 256 S.W.3d 482 (2007) (*per curiam*). Rule 5(b)(1) provides:

(b) *Extension of time.*

(1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

(A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

(B) The time to file the record on appeal has not yet expired;

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

(D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and

(E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal.

Ark. R. App. P.–Civ. 5(b)(1) (2007). This court has made it very clear that we expect strict compliance with the requirements of Rule 5(b), and that we do not view the granting of an extension as a mere formality. *See Harrison*, 369 Ark. 518, 256 S.W.3d 482.

We have also explained that, upon remand for compliance with Rule 5(b)(1), that the circuit court shall determine whether the rule was complied with at the time the original motion for extension of time was filed and granted. *See Lancaster v. Carter*, 372 Ark. 181, 271 S.W.3d 522 (2008) (per curiam). We have further stated that the circuit court should not permit the parties the opportunity to correct any deficiencies, but instead should make the findings required by the rule as if they were being made at the time of the original motion. *See id.* Should the requirements not have been met at the time of the initial motion for extension and order, the circuit court's order upon remand should so reflect and be returned to this court. *See id.* As the order of extension in this case makes no reference to the findings of the circuit court as required by Rule 5(b)(1), we remand this matter to the circuit judge for compliance with Rule 5(b)(1).

Remanded.