Michael H. SPURLOCK and Lindsey L. Spurlock *v.*
C. Michael RIDDELL

08-217                                                         280 S.W.3d 18

Supreme Court of Arkansas
Opinion delivered March 13, 2008

**P**ER CURIAM. Appellants Michael and Lindsey Spurlock filed a motion for rule on clerk seeking an order of this court directing the Arkansas Supreme Court Clerk to accept their

record for filing. Appellants tendered the record on February 14, 2008, under an extension of time granted by the circuit court on December 7, 2007. The clerk refused to file the record because the extension order did not comply with Ark. R. App. P.–Civ. 5(b)(1). Appellants subsequently filed the present motion.

Rule 5(b)(1) applies to both civil and criminal cases for the determination of the timeliness of a record on appeal. *See Harrison v. State*, 369 Ark. 518, 256 S.W.3d 482 (2007) (per curiam). Rule 5(b)(1) provides:

> (b) *Extension of time.*
>
> (1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:
>
> (A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;
>
> (B) The time to file the record on appeal has not yet expired;
>
> (C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;
>
> (D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and
>
> (E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal.

This court has made it very clear that we expect strict compliance with the requirements of Rule 5(b) and that we do not view the granting of an extension as a mere formality. *See Harrison*, 369 Ark. 518, 256 S.W.3d 482; *Hairgrove v. Oden*, 365 Ark. 53, 223 S.W.3d 827 (2006) (per curiam). Before a trial court may enter an order of extension: (1) the appellant must request the extension;

(2) notice must be given to the appellee; (3) the parties must have the opportunity to be heard; and (4) the trial court must make findings to support an extension. *See id.*

We have also explained that upon remand for compliance with Rule 5(b)(1), the circuit court shall determine whether the rule was complied with at the time the original motion for extension of time was filed and granted. *See Lancaster v. Carter*, 372 Ark. 181, 271 S.W.3d 522 (2008) (per curiam). We have further stated that the circuit court should not permit the parties the opportunity to correct any deficiencies, but instead should make the findings required by the rule as if they were being made at the time of the original motion. *Id.* Should the requirements not have been met at the time of the initial motion for extension and order, the circuit court's order upon remand should so reflect and be returned to this court. *Id.*

■ Here, the requirements of Rule 5 were not met as the request for extension was not properly brought by Appellants.[1] Thus, the order of extension entered by the circuit court was void. Therefore, the motion for rule on clerk is denied. This case shall be stricken from the docket, the jurisdiction of the court terminated, and the filing fee forfeited. *See* Ark. Sup. Ct. R. 2-2(d).

Motion denied.

---

[1] The record reflects that the court reporter filed a "motion" requesting an extension of time for filing the record and transcript and stated therein that the circuit court, Appellants, and Appellee had been notified of the request.