## Andre KELLY *v.* Deborah FORD

08-315                                                    281 S.W.3d 744

### Supreme Court of Arkansas
### Opinion delivered April 3, 2008

Appellant, pro se.

No response.

PER CURIAM. Appellant, Andre Kelly, appearing pro se, has filed a motion for rule on clerk to file his record and have his appeal docketed. The clerk refused to accept the record. The record before us does not show strict compliance with Arkansas Rule of Appellate Procedure – Civil 5(b)(1)(C), as all parties have not had an opportunity to be heard on appellant's motion to extend the time for filing the transcript.

We have held that Rule 5(b)(1) applies to both civil and criminal cases for the determination of the timeliness of a record on appeal. *See Lancaster v. Carter*, 372 Ark. 181, 271 S.W.3d 522 (2008) (per curiam). Rule 5(b)(1) provides in pertinent part:

> (1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:
>
> . . . .
>
> (C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

We have made it clear that there must be strict compliance with the requirements of Rule 5(b) and that we do not view the granting of an extension as a mere formality. *See Roy v. State*, 367 Ark. 178, 238 S.W.3d 117 (2006) (per curiam); *White v. State*, 366 Ark. 295, 234 S.W.3d 882 (2006) (per curiam); *Rackley v. State*, 366 Ark. 232, 234 S.W.3d 314 (2006) (per curiam). We bring to your attention *McGahey v. State*, 372 Ark. 46, 269 S.W.3d 814 (2007) (per curiam), wherein this court explained that, upon a remand for compliance with Ark. R. App. P. – Civ. 5(b)(1)(C), the circuit court shall determine whether the rule was complied with *at the time the original motion for extension of time was filed and granted*. This court further stated that the circuit court should not provide the parties with the opportunity to correct any deficiencies, but instead should make the findings required by the rule as if they were being made at the time of the original motion. Should the requirements not have been met at the time of the initial motion for extension and order, the circuit court's order upon remand should so reflect and be returned to this court. As the record before us does not comply with this rule, we remand this case to the trial court for compliance with Rule 5(b)(1)(C).

Remanded.