Michael H. SPURLOCK and Lindsey L. Spurlock *v.*
C. Michael RIDDELL

08–217                                                    282 S.W.3d 811

Supreme Court of Arkansas
Opinion delivered April 10, 2008

P ER CURIAM. Appellants Michael and Lindsey Spurlock, by
and through their attorney, Timothy W. Murdoch, bring
this motion for reconsideration. On February 20, 2008, Appellants
filed a motion for rule on clerk requesting that we direct our supreme
court clerk to accept their record on appeal for filing. As an alterna-
tive, they requested we remand their appeal to the circuit court for
entry of an order in compliance with Ark. R. App. P.–Civ. 5(b)(1).
On March 13, 2008, we denied this motion because of Appellants'
failure to strictly comply with Rule 5(b)(1). *See Spurlock v. Riddell,* 373
Ark. 38, 280 S.W.3d 18 (2008) (per curiam).

In the motion for reconsideration, Appellants aver that they
were unaware that the extension order granted by the circuit court
did not comply with Rule 5 until the deadline for filing a motion
for extension had expired. They request that we remand their case
to the circuit court for determination of whether they should have
filed a motion for extension. Alternatively, Appellants request
reconsideration of our application of Rule 5(b)(1) to their situation
because neither party objected to the extension order.

The responsibility for perfecting an appeal rests solely with a
petitioner, not the circuit clerk, circuit court, or any other person.
*See Sullivan v. State,* 301 Ark. 352, 784 S.W.2d 155 (1990) (per

curiam). This court has made it very clear that we expect strict compliance with the requirements of Rule 5(b), and that we do not view the granting of an extension as a mere formality. *See Byrer v. Colvard*, 372 Ark. 460, 277 S.W.3d 209 (2008) (per curiam); *Harrison v. State*, 369 Ark. 518, 256 S.W.3d 482 (2007) (per curiam). Where a case is remanded for compliance with Rule 5(b)(1), the circuit court is to determine whether the rule was complied with *at the time the original motion for extension of time was filed and granted. See Byrer*, 372 Ark. 460, 277 S.W.3d 209.

■ Here, it is clear from the record that Appellants failed to comply with Rule 5(b)(1) by failing to file a motion requesting an extension of time for filing the record on appeal. As such, remand would be futile. Appellants were responsible for ensuring the appeal was properly perfected. The fact that neither party objected to an extension does not excuse Appellants' failure to comply with our rules. Accordingly, Appellants have failed to meet their burden of demonstrating that there was some error of fact or law that would merit reconsideration of the denial of the motion for rule on clerk.

Motion denied.