SIMPSON HOUSING SOLUTIONS, LLC;  Simpson Housing Limited Partnership, LLP;  Affordable Multi-Family, LLC;  Deer Run Limited Partnership;  Fox Run Limited Partnership of Springdale; Pinnacle Realty Management Company, A/K/A Pinnacle Realty Management, Inc.;  and Heather Hardcastle  *v.* Juan C. HERNANDEZ, Dalia M. Hernandez, Mark T. Raabe, Jennifer Raabe, Melanie Cash, Michael Cline, and Donna Hayes on Behalf of Themselves and All Others Similarly Situated

08-396                                              282 S.W.3d 806

Supreme Court of Arkansas
Opinion delivered April 10, 2008

P ER CURIAM. Appellants, by and through their attorney, Robert L. Jones, III, have filed this petition for writ of certiorari to complete the record in this appeal. On September 2,

2004, Appellees filed a class-action complaint against Appellants in the Washington County Circuit Court. On June 13, 2007, the circuit court entered findings of fact and conclusions of law that Subclass A met the requirements of Ark. R. Civ. P. 23 and should be certified for class action and that Subclass C did not meet the requirements of Rule 23 and should not be certified. Following a motion to amend by Appellees, the circuit court entered an order amending the findings of fact and conclusions of law on September 5, 2007. The order certifying the class was also entered on this date.

On October 3, 2007, Appellants filed a notice of appeal from the class-certification order, the June 13, 2007 findings of fact and conclusion of law, and the September 5, 2007 amended findings of fact and conclusions of law. On October 12, 2007, Appellees filed a notice of cross-appeal of the circuit court's decision to deny certification of Subclass C.

On December 21, 2007, the circuit court granted a motion for an extension of time for filing the record on appeal until March 31, 2008. On March 24, 2008, Appellants filed a partial record and a petition for writ of certiorari to complete the record, pursuant to Ark. Sup. Ct. R. 3-5 and Ark. R. App. P.–Civ 5(b)(3). Appellants' attorney stated in the petition that the court reporter, Ms. Vickie Hassell, notified counsel that she could not complete the transcript within the statutory time allowed.

Pursuant to Ark. R. App. P.–Civ. 5(b)(2), the circuit court may grant an extension of the time for filing a record on appeal, provided that the order granting the extension is entered before expiration of the time period for filing the record on appeal pursuant to Ark. R. App. P.–Civ. 5(a). In no event shall the time be extended more than seven months from the date of the entry of the judgment or order, or from the date on which a timely postjudgment motion is deemed to have been disposed of under Rule 4(b)(1), whichever is later. Ark. R. App. P.–Civ. 5(b)(2).

This court has consistently stated that we do not view the granting of an extension as a mere formality, and to be valid, an extension order must strictly comply with the requirements of Rule 5(b). *See Byrer v. Colvard*, 372 Ark. 460, 277 S.W.3d 209 (2008) (per curiam); *Harrison v. State*, 369 Ark. 518, 256 S.W.3d 482 (2007) (per curiam). Rule 5(b)(1) provides:

(b) *Extension of time.*

(1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order

entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

(A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

(B) The time to file the record on appeal has not yet expired;

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

(D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and

(E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal.

Upon remand for compliance with Rule 5(b)(1), the circuit court shall determine whether the rule was complied with *at the time the original motion for extension of time was filed and granted. See Lancaster v. Carter*, 372 Ark. 181, 271 S.W.3d 522 (2008) (per curiam). Moreover, the circuit court should not permit the parties the opportunity to correct any deficiencies, but instead should make the findings required by the rule as if they were being made at the time of the original motion. *Id.* Should the requirements not have been met at the time of the initial motion for extension and order, the circuit court's order upon remand should so reflect and be returned to this court. *Id.*

In the present case, the circuit court entered the order extending the time to file the record on appeal within the time period prescribed by Rule 5(a). However, that order failed to comply with Ark. R. App. P.–Civ. 5(b)(1)(B) and (D). Therefore, we remand this matter to the circuit judge for strict compliance with Rule 5(b)(1).

Remanded; petition for writ of certiorari dismissed without prejudice.