John BYRER *v.* Joan COLVARD

08-155                                                    282 S.W.3d 810

Supreme Court of Arkansas
Opinion delivered April 10, 2008

PER CURIAM. Appellant John Byrer, by and through his attorney, Orvin Foster, has filed a second motion for rule on clerk. Appellant previously filed a motion for rule on clerk after the clerk refused to docket his appeal and would not accept the record due to a failure to comply with Arkansas Rule of Appellate Procedure--Civil 5(b)(1). On February 21, 2008, we remanded the case to the circuit court for compliance with Rule 5(b)(1). *See Byrer v. Colvard,* 372 Ark. 460, 277 S.W.3d 209 (2008) (per curiam) (*Byrer I*).

We have made it very clear that we expect strict compliance with the requirements of Rule 5(b) and that we do not view the granting of an extension as a mere formality. *See id.* Accordingly, before a circuit court may enter an order of extension: (1) the appellant must request the extension; (2) notice must be given to the appellee; (3) the parties must have the opportunity to be heard; and (4) the circuit court must make findings to support an extension. *See Spurlock v. Riddell,* 373 Ark. 38, 280 S.W.3d 18 (2008) (per curiam); *see also* Ark. R. App. P.–Civ. 5(b)(1). We have also explained that upon remand for compliance with Rule 5(b)(1), the circuit court shall determine whether the rule was complied with at the time the original motion for extension of time was filed and granted. *See Byrer I,* 372 Ark. 460, 277 S.W.3d 209. Furthermore, we have stated that the circuit court should not permit the parties the opportunity to correct any deficiencies, but instead should make the findings required by the rule as if they were being made at the time of the original motion. *Id.* Should the requirements not have been met at the time of the initial motion for extension and order, the circuit court's order upon remand should so reflect and be returned to this court. *Id.*

■ Here, upon remand, the circuit court reaffirmed its original order of extension and found that its March 24, 2008 order should relate back to its original order granting an extension of time to file the record until January 28, 2008. However, a review of this second order reflects that the requirements of Rule 5 were not met as the request for extension was not properly brought by Appellant. Specifically, the circuit court found that Appellee Joan Colvard did not receive notice of Appellant's request for an extension of time, but that she had the opportunity to be heard at a March 12, 2008 hearing. Because Appellee did not receive notice of Appellant's original motion, Appellant was not in compliance with Rule 5(b) at the time of the initial motion. Moreover, it is clear from the record that the circuit court erroneously gave Appellant an opportunity to correct the deficiency when it held the March 12 hearing. Accordingly, the circuit court's order of extension was void, and the motion for rule on clerk is denied. This case shall be stricken from the docket, the jurisdiction of the court terminated, and the filing fee forfeited. *See* Ark. Sup. Ct. R. 2-2(d).

Motion denied.