Harvey BOND, Jr. *v.* STATE of Arkansas

CR 08-224                                          283 S.W.3d 186

Supreme Court of Arkansas
Opinion delivered April 17, 2008

*Phillip A. McGough,* for appellant.

No response.

PER CURIAM. Appellant Harvey Bond, Jr., by and through his attorney, Phillip A. McGough, has filed a motion for rule on clerk. Appellant filed a motion for rule on clerk after the clerk refused to docket his appeal and would not accept the record due to a failure to comply with Arkansas Rule of Appellate Procedure–Civil 5(b)(1)(C). We remanded this matter to the circuit court for an order showing compliance with Rule 5 at the time the extension was sought in the circuit court. *See Bond v. State,* 373 Ark. 37, 280 S.W.3d 20 (2008). We have now been provided an order that shows that the requirements of Rule 5 were not met.

We require strict compliance with Rule 5 at the time the extension is sought. Granting an extension is not a mere formality.

Before a circuit court may enter an order of extension, the following requirements must be met:

1. The appellant must request the extension;

2. Notice must be provided to the appellee;

3. All parties must have the opportunity to be heard; and

4. The circuit court must make findings to support an extension.

See Ark. R. App. P.–Civ. 5(b)(1); *Holsombach v. State*, 366 Ark. 615, 237 S.W.3d 472 (2006). Upon remand for compliance with Rule 5(b)(1), the circuit court shall determine whether appellant complied with the rule *at the time the original motion for extension of time was filed and granted*. *Byrer v. Colvard*, 372 Ark. 460, 277 S.W.3d 209 (2008). Furthermore, the circuit court should not permit the parties the opportunity to correct any deficiencies, but instead should make the findings required by the rule as if they were being made at the time of the original motion. *Id.* Should the requirements not have been met at the time of the initial motion for extension and order, the circuit court's order upon remand should so reflect and be returned to this court. *Id.* The record filed on resubmission of the motion for rule on clerk reveals that McGough did not comply with Rule 5 at the time the original motion for extension of time was filed and granted.

■ The State will not penalize a criminal defendant by declining to consider his first appeal when counsel has failed to follow appellate rules. *Franklin v. State*, 317 Ark. 42, 875 S.W.2d 836 (1994) (per curiam). In *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004), we clarified our treatment of motions for belated appeals and motions for rule on clerk.

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*McDonald*, 356 Ark. at 116, 146 S.W.3d at 891 (footnote omitted). While we no longer require an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.* Mr. McGough does not admit fault, but his fault is clear from the record. Therefore, we direct the clerk of this court to accept the record and docket the appeal, and we refer the matter to the Committee on Professional Conduct.

Motion granted.