SOUTH FLAG LAKE, INC. *v.* Henrietta GORDON, et al.

08-623                                                          286 S.W.3d 146

Supreme Court of Arkansas
Opinion delivered June 26, 2008

*John P. Verkamp*, for appellant.

No response.

PER CURIAM. Appellant South Flag Lake, Inc., by and through its attorney, John P. Verkamp, has filed a motion for rule on clerk. On January 17, 2008, the circuit court entered an order extending appellant's time to file the transcript on appeal until May 23, 2008. Appellant states that when it attempted to tender the record to this court's clerk on May 22, 2008, the clerk declined to docket the record due to lack of compliance with Rule 5(b)(1)(C) of the Arkansas Rules of Appellate Procedure–Civil.

The circuit court's January 17, 2008 order states that "[t]he Defendant does not object to the Plaintiff's request for extension of time," but fails to specifically state that all parties had the opportunity to be heard on the motion. South Flag Lake, Inc. argues that the circuit court could not have had knowledge of Gordon's position regarding the motion unless it had heard from Gordon and that Gordon, therefore, must have had the opportunity to be heard.

Arkansas Rule of Appellate Procedure–Civil 5(b)(1) provides:

(b) *Extension of Time.*

(1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

. . . .

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

Ark. R. App. P.–Civ. 5(b)(1) (2008).

This court has held that it expects strict compliance with the requirements of Rule 5(b) and that it does not view the granting of an extension as a mere formality. *See, e.g., Winrock Grass Farm, Inc. v. Metropolitan Nat'l Bank*, 373 Ark. 515, 517, 284 S.W.3d 521, 522

(2008); *Kelly v. Ford*, 373 Ark. 111, 112, 281 S.W.3d 744, 745 (2008); *Lancaster v. Carter*, 372 Ark. 181, 182, 271 S.W.3d 522, 523 (2008); *Studie v. Corbin*, 369 Ark. 209, 210, 252 S.W.3d 136, 137 (2008). The language in the circuit court's January 17, 2008 order fails to specifically state that all parties had the opportunity to be heard on the motion at a hearing or by responding in writing. Therefore, it fails to strictly comply with Rule 5(b)(1).

Where an order fails to comply with Rule 5(b), this court may remand the matter to the circuit court for compliance with the rule. *See, e.g., Winrock Grass Farm, Inc.*, 373 Ark. at 517. Upon remand for compliance with Rule 5(b)(1), the circuit court is to determine whether the rule was complied with at the time the original motion for extension of time was filed and granted. *Id.* at 517. The circuit court should not permit the parties the opportunity to correct any deficiencies, but instead should make the findings required by the rule as if they were being made at the time of the original motion. *Id.* Should the requirements not have been met at the time of the initial motion for extension and order, the circuit court's order upon remand should so reflect and be returned to this court. *Id.*

■ Because the circuit court's order failed to strictly comply with Rule 5(b)(1) of the Arkansas Rules of Appellate Procedure–Civil, this matter is remanded to the circuit court for compliance.

BROWN, J., not participating.