2009 Ark. 137

**Melvin HAWTHORNE, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 09–154.**

Supreme Court of Arkansas.

March 12, 2009.

Mark S. Frazier, for appellant.

No response.

## PER CURIAM.

Appellant Melvin Hawthorne, by and through his attorney, Mark S. Frazier, has filed a motion for rule on clerk.

Hawthorne was charged with numerous offenses in two separate criminal proceedings. Although he was initially represented by the Garland County public defender's office, Hawthorne retained private counsel in August of 2007. However, Hawthorne's private attorney moved to withdraw in April of 2008. The Garland County Circuit Court granted the motion in May of 2008, and, on June 2, 2008, appointed Mark Frazier of the public defender's office to represent Hawthorne. Hawthorne was convicted by a Garland County jury on September 3, 2008, and sentencing was set for September 8, 2008. On that date, the circuit court sentenced him to fifteen years on each count, with his sentences to run consecutively. The judgment and commitment order was entered on September 11, 2008.

On September 12, 2008, Hawthorne filed a pro se notice of appeal. In addition, Hawthorne notified Frazier that he no longer wanted Frazier to represent him or file any further pleadings on his behalf. As a consequence, Frazier filed a motion to be relieved as counsel on September 17, 2008. At a hearing on September 22, 2008, the circuit court granted Frazier's motion to be relieved. However, the circuit court

later reconsidered that decision and caused a docket entry to be made on October 10, 2008, reflecting that the public defender's office would be reappointed to represent Hawthorne; the court also noted that Frazier had a conflict of interest and that the Arkansas Public Defender Commission would be contacted to provide a new attorney for Hawthorne.

On December 1, 2008, attorney Patrick Benca filed a motion with the circuit court seeking an extension of time to lodge the record on appeal, noting that the record was due to be lodged with this court on December 11, 2008. The court granted the motion the same day, stating, however, that the "transcript is due to be lodged with the Arkansas Supreme Court on or before the 12th day of December, 2008," and granting an "additional sixty days in which to lodge the transcript[.]" The record was tendered to this court on February 10, 2008. On February 12, 2008, the clerk's office contacted Frazier to inform him that the record had been tendered one day late and that he would need to file a motion for rule on clerk. Frazier filed the instant motion on February 17, 2008.

■ We first note that attorney Frazier was correctly identified as the attorney to accomplish this task. Although the circuit court granted Frazier's motion to be relieved on September 22, 2008, the notice of appeal had already been filed on September 12, 2008. Once the notice of appeal has been filed, this court has exclusive jurisdiction to relieve counsel and appoint new counsel. See Ark. R.App. P.-Crim. 16(a) (2008); *Gipson v. State,* 343 Ark. 44, 31 S.W.3d 834 (2000). Accordingly, Frazier was not properly relieved by the circuit court and remained counsel of record.

■ This court clarified its treatment of motions for rule on clerk in *McDonald v. State,* 356 Ark. 106, 146 S.W.3d 883 (2004). There we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or, there is "good reason." *McDonald,* 356 Ark. at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

■ *Id.,* 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.* When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. *See id.*

In this case, the circuit court's order incorrectly recited that the record was due to be lodged with this court on December 12, 2008. The notice of appeal was filed on September 12, 2008, so the record would have been due on December 11, 2008. Accordingly, the sixty days afforded by the trial court's order granting the extension of time expired on February 9, 2009. For that reason, the tender of the record on February 10, 2009, was untimely.

Frazier's motion for rule on clerk makes no mention of fault. In some cases in which attorneys have not admitted fault

for errors in tendering the record, we have concluded that counsel's fault was clear from the record; in those cases, we granted the motion for rule on clerk, directed the clerk to docket the appeal, and referred the matter to the Committee on Professional Conduct. *See, e.g., Bond v. State,* 373 Ark. 257, 283 S.W.3d 186 (2008); *Morris v. State,* 373 Ark. 190, 282 S.W.3d 757 (2008). Frazier was technically at fault on this record because he should have realized that he had not been properly relieved as counsel of record. The motion for rule on clerk is, therefore, granted. We decline, however, to refer this matter to the Committee on Professional Conduct.

Motion for rule on clerk granted.