2009 Ark. 192

**Gordon Randall GWATHNEY, Appellant,**

v.

**STATE of Arkansas, Appellee.**

No. CR 09–263.

Supreme Court of Arkansas.

April 9, 2009.

Gerald A. Coleman, West Memphis, for appellant.

No response.

MOTION FOR RULE ON CLERK

PER CURIAM.

Gordon Randall Gwathney, by and through his attorney Gerald A. Coleman, has filed a motion for rule on clerk. The clerk of this court refused to file the record in this case, concluding that the order extending the time within which to file the record failed to comply with Arkansas Rule of Appellate Procedure—Civil 5(b)(1)(A) and (D). However, Arkansas Rule of Appellate Procedure—Criminal 4 was amended and made effective October 1, 2008. *See In re Rules of Supreme Court and Court of Appeals, Rule 4–3; Rules of Appellate Procedure—Criminal, Rule 4; and Rules of Criminal Procedure, Rule 24.3*, 374 Ark. App'x —— (Sept. 18, 2008). Arkansas Rule of Appellate Procedure—Criminal 4, rather than Arkansas Rule of Appellate Procedure—Civil 5, now provides the procedure to be followed in a criminal case when an extension of time is sought within which to file the record.

The judgment and commitment order was filed on September 8, 2008. The notice of appeal was timely filed on September 12, 2008. The record had to be filed within ninety days of the date that the notice of appeal was filed, making the record due no later than December 11, 2008. *See* Ark. R.App. P.-Crim. 4(b). However, on November 11, 2008, the circuit court granted an oral motion for an extension of time under Rule 4 and entered an order extending the date for filing the record to March 11, 2009. The order indicates that the attorney for the State, as well as the defendant and his counsel, were present when the oral motion was heard and granted. An extension is permitted where the requirements of Rule 4 are met:

Rule 4(c)(1) provides in pertinent part as follows:

If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (b) of this rule or by a prior extension order, may extend the time for filing the record. A motion by the defendant for an extension of time to file the record shall explain the reasons for the requested extension, and a copy of the motion shall be served on the prosecuting attorney. The circuit court may enter an order granting the extension if the circuit court finds that all parties consent to the extension and that an extension is necessary for the court reporter to include the stenographically reported material in the record on appeal. If the prosecuting attorney does not file a written objection to the extension within ten (10) days after being served a copy of the extension motion, the prosecuting attorney shall be deemed to have consented to the extension, and the circuit court may so find.

Rule 4(c)(1) provides that a copy of the motion shall be served on the prosecuting attorney. No motion was filed or served on the prosecuting attorney in this case. The circuit court's November 11, 2008 or-

der granting the extension of time under Rule 4 stated it was granting an oral motion. We view this matter under Rule 4 as we do a violation of Arkansas Rule of Appellate Procedure—Civil 5. As fault is apparent, we grant the motion for rule on clerk. *See McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). A copy of this opinion will be forwarded to the Arkansas Supreme Court Committee on Professional Conduct.