2009 Ark. 228

**Daniel DORSEY, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 09–345.**

Supreme Court of Arkansas.

April 23, 2009.

Richard R. West, Marion, for appellant.

No response.

**MOTION FOR RULE ON CLERK**

PER CURIAM.

Appellant Daniel Dorsey, by and through his attorney Richard R. West, seeks a motion for rule on clerk. The State has not responded to the motion. Our clerk refused to accept the record because of a failure to show strict compliance with Ark. R.App. P.–Civ. 5(b)(1)(C).

Appellant timely filed a notice of appeal on September 15, 2008, making the record due in this court on December 15, 2008. On November 17, 2008, the circuit court entered an order granting an oral motion made by Appellant to extend the time for filing the record until April 5, 2009. In the instant motion, Mr. West states that the circuit court advised him that the court reporter could not complete the appellate transcript in Appellant's case in ninety days and, thus, entered the order of extension, although no written motion was filed and no hearing was held on the motion. Mr. West accepts fault, stating that he should have insisted on filing a written motion and requested a hearing on the matter.

We have held that Rule 5(b)(1) applies to both civil and criminal cases for the determination of the timeliness of a record on appeal. *See Bond v. State*, 373 Ark. 37, 280 S.W.3d 20 (2008) (per curiam). Nevertheless, on September 18, 2008, this court adopted a rule change to Ark. R.App. P.–Crim. 4, specifically Rule 4(c), to provide for notice to prosecutors of record extensions and a deemed consent to the extension if the prosecutor does not object within ten days after being served a copy of the extension motion:

A motion by the defendant for an extension of time to file the record shall explain the reasons for the requested extension, and a copy of the motion shall be served on the prosecuting attorney. The circuit court may enter an order granting the extension if the circuit court finds that all parties consent to the extension and that an extension is necessary for the court reporter to include the stenographically reported material in the record on appeal. If the prosecuting attorney does not file a written objection to the extension within ten (10) days after being served a copy of the extension motion, the prosecuting attorney shall be deemed to have consented to

the extension, and the circuit court may so find.

*In re Rules of Supreme Court & Court of Appeals, Rule 4–3*, 374 Ark. App'x ——, —— (Sept. 18, 2008) (per curiam).

Rule 4(c)(1) provides that a copy of the motion shall be served on the prosecuting attorney. No motion was filed or served on the prosecuting attorney in this case. The circuit court's November 17, 2008 order granting the extension of time under Rule 4 stated it was granting an oral motion. We view this matter under Rule 4 as we do a violation of Ark. R.App. P.–Civ. 5. *See Gwathney v. State*, 2009 Ark. 192, 306 S.W.3d 1 (per curiam). As fault is apparent,[1] we grant the motion for rule on clerk. *See McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). A copy of this opinion will be forwarded to the Arkansas Supreme Court Committee on Professional Conduct.

Motion for rule on clerk granted.

1. Although Mr. West does not specifically accept fault for tendering the record and filing the instant motion on April 6, 2009, one day past the extension granted by the circuit court, we nonetheless grant the instant motion for the reasons set forth in this per curiam.