SLIP OPINION  Cite as 2014 Ark. 42

# SUPREME COURT OF ARKANSAS
No. CV-14-22

|  |  |
|---|---|
| MARCIE TREADWELL<br><div align="right">APPELLANT</div> | **Opinion Delivered** January 30, 2014 |
| V. | MOTION TO FILE BELATED NOTICE OF APPEAL; MOTION TO BE RELIEVED AS COUNSEL AND TO SUBSTITUTE COUNSEL |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES<br><div align="right">APPELLEE</div> | <u>MOTION TO FILE A BELATED NOTICE OF APPEAL GRANTED; MOTION TO BE RELIEVED AS COUNSEL DENIED WITHOUT PREJUDICE; MOTION TO SUBSTITUTE COUNSEL MOOT.</u> |

## PER CURIAM

Appellant Marcie Treadwell, by and through her attorney, Dee Scritchfield, has filed a motion to file a belated notice of appeal. Scritchfield has also filed a motion requesting to be relieved as counsel and to have the Arkansas Public Defender Commission, Dependency-Neglect Division, appointed as counsel for Treadwell. An order terminating Treadwell's parental rights was entered on October 3, 2013. Pursuant to Arkansas Supreme Court Rule 6–9(b)(1) (2012), Treadwell's notice of appeal was required to be filed no later than October 24, 2013, but was not filed until October 25, 2013.

Where an attorney candidly admits fault, we will grant the motion for belated appeal, and a copy of the opinion will be forwarded to the Committee on Professional Conduct.

SLIP OPINION

*Mann v. Arkansas Dep't of Human Servs.*, 2012 Ark. 96 (per curiam). Attorney Scritchfield admits that due to her lack of diligence, the notice of appeal was not timely filed. Accordingly, we grant the motion to file a belated notice of appeal and forward a copy of this opinion to the Committee.

As for Scritchfield's motion to be relieved, that motion is denied without prejudice. Once the notice of appeal has been filed, this court has exclusive jurisdiction to relieve counsel and appoint new counsel. *Hawthorne v. State*, 2009 Ark. 137, 296 S.W.3d 389, 390; Ark. R. App. P.–Crim. 16(a). On October 22, 2013, the circuit court entered an order finding that Treadwell was indigent for the purposes of this appeal. However, Scritchfield's motion to be relieved does not indicate that she has served it on Treadwell or on the Arkansas Public Defender's Commission. Arkansas Rule of Civil Procedure 64, which governs the withdrawal or addition of counsel, provides that an attorney may not withdraw from any proceeding or from representation of any party to a proceeding without permission of the court in which the proceeding is pending. Ark. R. Civ. P. 64(b). Permission to withdraw may be granted for good cause shown if counsel seeking permission presents a motion to the court showing that she has taken reasonable steps to avoid foreseeable prejudice to the rights of her client, including giving due notice to her client, and allowing time for employment of other counsel, among other requirements. Ark. R. Civ. P. 64(b)(1). While Scritchfield has indicated that Treadwell qualifies for appointed counsel, Scritchfield has failed to show that she has notified her client, Treadwell, that she seeks to withdraw. Without compliance with Rule 64, we must deny her motion to withdraw without prejudice, making her motion to

SLIP OPINION

substitute counsel moot.[1]

Motion to file belated appeal granted; motion to be relieved denied without prejudice; motion to substitute counsel moot.

*Dee Scritchfield*, for appellant.

No response.

---

[1]Because Scritchfield's motion to substitute counsel is moot, we make no finding regarding Treadwell's indigency status or whether she qualifies for appointed counsel. Arkansas Supreme Court Rule 6-6 provides guidance for those seeking to proceed in forma pauperis before this court.