SLIP OPINION



Cite as 2014 Ark. 56

# SUPREME COURT OF ARKANSAS

No. CV-14-36

| | |
|---|---|
| LINDA MARSTON, PATSY ELLIFRITZ, DENNIS TAYLOR, and WANDA GRAGG | **Opinion Delivered** February 6, 2014 |
| APPELLANTS | MOTION FOR RULE ON CLERK |
| V. | |
| JAMES E. TAYLOR, DIANE CRIMS, JANICE HAGLER, and JOANN MORGAN | |
| APPELLEES | <u>REMANDED</u>. |

## PER CURIAM

Appellants Linda Marston, Patsy Ellifritz, Dennis Taylor, and Wanda Gragg, filed a motion for rule on clerk seeking an order of this court directing the Arkansas Supreme Court Clerk to accept their record for filing. Appellants tendered the record on December 30, 2013, under an extension of time granted by the circuit court on November 8, 2013. The clerk refused to file the record because the extension order did not comply with Ark. R. App. P.–Civ. 5(b)(1), which provides as follows:

(b) *Extension of time.*

(1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

(A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

(B) The time to file the record on appeal has not yet expired;

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

(D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and

(E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal.

This court has made clear that it expects compliance with the requirements of Rule 5(b) and that it does not view the granting of an extension as a mere formality. *Byrer v. Colvard*, 372 Ark. 460, 277 S.W.3d 209 (2008).

Rule 5 and our case law require that the circuit court consider and make findings that the conditions listed in subdivision (b)(1)(A)–(E) of Rule 5 have been met. The order before us recites the following:

> On this 8th day of November, 2013, this matter comes before the Court, the Court being well and sufficiently advised does find as follows:
>     1. That this Court grants an extension of 30 days.

Although we have the appellants' motion to the circuit court before us, we do not infer from its averments that Rule 5 has been complied with, and the circuit court's order must reflect that each condition has been met. *Byrer, supra*. Because the order of extension in this case makes no reference to the consideration of the Rule 5 requirements, we remand this matter to the circuit court for compliance with Rule 5(b)(1). *Byrer, supra*.

Remanded.

*Medlock & Gramlich, LLP*, by: *Steven Estell*, for appellants.

No response.

2