SLIP OPINION

Cite as 2015 Ark. App. 25

# ARKANSAS COURT OF APPEALS

EN BANC

**No.** CV–14–968

| | |
|---|---|
| BOBBY H. WEATHERFORD ET AL.<br>APPELLANTS | **Opinion Delivered** January 21, 2015<br><br>APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. CV–2009–241] |
| V. | HONORABLE TOM HUGHES, JUDGE |
| ARKANSAS RECLAMATION CO., LLC, ET AL.<br>APPELLEES | APPELLEE'S MOTION TO DISMISS DENIED WITHOUT PREJUDICE; REMANDED TO THE TRIAL COURT |

## PER CURIAM

Separate appellee Arkansas Reclamation Co., LLC, has filed a motion to dismiss appellants' appeal, alleging that the trial court erroneously extended the time for appellants to file their record in this court. We deny the motion to dismiss at this time and instead grant appellee's alternative request that the matter be remanded to the trial court.

Appellants filed their notice of appeal in this case on May 9, 2014. Therefore, absent an order from the trial court extending the time, the record was due to be filed in this court on or before August 7, 2014. Ark. R. App. P.–Civ. 5(a). On August 4, appellants moved the trial court to extend the time to lodge the record. On August 6, the trial court entered an order granting the motion. Appellee takes issue with both the contents of the court's order and the circumstances underlying it.



Arkansas Rule of Appellate Procedure–Civil 5(b)(1) provides as follows:

(b) *Extension of time.*

(1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

(A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

(B) The time to file the record on appeal has not yet expired;

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

(D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and

(E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal or for the circuit clerk to compile the record.

Strict compliance with the rule is required. *Winrock Grass Farm, Inc. v. Metropolitan National Bank*, 373 Ark. 515, 284 S.W.3d 521 (2008). The granting of an extension is not a mere formality. *Id.* Where a trial court's order of extension fails to make each of the findings required under the rule, we may remand for the court to determine compliance. *Marston v. Taylor*, 2014 Ark. 56, 431 S.W.3d 309; *Winrock Grass Farm, Inc., supra.*

Here, the trial court's extension order fails to comply with Rule 5(b)(1) because it contains no findings on two of the required elements. Specifically, the order is silent regarding that part of Rule 5(b)(1)(A) that requires that the motion for extension be served on all counsel of record and regarding Rule 5(b)(1)(C), which requires that all parties be given

the opportunity to be heard on the motion at a hearing or by responding in writing. Appellee claims that it had no opportunity to respond to the motion; appellants deny that allegation. Because the order fails to make all of the necessary findings, we remand the matter for the trial court to determine compliance. The trial court shall determine whether the requirements of the rule were complied with at the time that the original motion for extension of time was filed and granted. *South Flag Lake, Inc. v. Gordon*, 374 Ark. 138, 286 S.W.3d 146 (2008). The court should not permit the parties the opportunity to correct any deficiencies but instead should make a finding on the outstanding issues as if the findings were being made at the time of the original motion. *Id.* An order reflecting the trial court's findings should then be returned to this court. *Id.*

Appellee's motion to dismiss denied without prejudice; remanded to the trial court.

*Lightle, Raney, Streit & Streit, LLP*, by: *Susannah Streit*, for appellants.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Alex T. Gray* and *Brian A. Pipkin*, for appellee.