Kathy HAIRGROVE *v.* Hussain B. ODEN

05-1360                                                                 223 S.W.3d 827

Supreme Court of Arkansas
Opinion delivered January 19, 2006

*R. Gunner DeLay*, for appellant.

No response.

PER CURIAM. Appellant filed a timely notice of appeal in this case on June 22, 2005, making the record with the

---

transcript of testimony due to be filed on September 20, 2005. On August 29, 2005, appellant filed a motion for an extension of time to file the transcript because the court reporter indicated that she would be unable to prepare the transcript by the deadline. According to the certificate of service, appellant mailed a copy of the motion to appellee's attorney, Jon Robinson, but that attorney did not respond.

On September 7, 2005, the circuit judge found that appellant had shown good cause for granting an extension of time, and he extended the deadline to November 20, 2005. Because the court reporter again was unable to produce the transcript by the extended date, on November 10, 2005, appellant filed a second motion for an extension of time to lodge the transcript. According to the certificate of service, appellee was sent a copy of the motion, but he did not respond. The circuit judge again found that the appellant had shown good cause for granting the extension of time. The circuit judge's order was issued on November 10, 2005, and he extended the deadline to December 15, 2005.

Appellant attempted to file the transcript on December 13, 2005, but the Arkansas Supreme Court Clerk refused to accept it. Counsel for appellant was notified that he must file a motion for rule on clerk because there is no reference in the circuit court's orders to a hearing being held on the motions to extend the time for filing the transcript.

Arkansas Rule of Appellate Procedure – Civil 5(b)(1)(C) states in part:

> (b) *Extension of time.*
>
> (1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period ... *may extend the time for filing the record only if it makes the following findings*:
>
> . . . .
>
> (C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing[.] (Emphasis added.)

This court has made it very clear that we expect strict compliance with the requirements of Rule 5(b), and that we do not view the granting of an extension as a mere formality. *See, e.g.,*

*Hickson v. Arkansas Department of Human Services*, 357 Ark. 577, 182 S.W.3d 483 (2004) (*per curiam*); *Rose Care v. Jones*, 355 Ark. 682, 144 S.W.3d 738 (2004) (*per curiam*). The two orders of extension in this case make no reference to the findings of the circuit court required under Rule 5(b)(1)(C). Accordingly, we remand this matter to the circuit judge for compliance with Rule 5(b)(1)(C).

Remanded.

GUNTER, J., would grant.