Glenn David WOODS and Leann B. Woods  *v.*
Beverly TAPPER

06-705                                                    238 S.W.3d 929

Supreme Court of Arkansas
Opinion delivered September 14, 2006

*James M. Pratt*, for appellant.

No response.

PER CURIAM. Appellants Glenn David Woods and Leann B. Woods filed a motion for rule on the clerk seeking an order of this court that the Arkansas Supreme Court Clerk accept their record and transcript for filing. Appellants attempted to file their record and transcript on June 19, 2006, under an extension of time granted by the circuit court on March 16, 2006, pursuant to a motion for extension under Ark. R. App. P.–Civ. 5(b). The clerk refused the filing because there was no finding by the circuit court in the order granting the extension that "all parties had the opportunity to be heard on the motion, either at a hearing or by responding in writing" as required in Ark. R. App. P.–Civ. 5(b)(1)(C).

Appellants assert that the record shows that opposing counsel was served with the motion for extension of time when the motion was filed on February 24, 2006. Appellants argue that opposing counsel thus had an opportunity to be heard and elected not to respond to the motion.

Arkansas Rules of Appellate Procedure–Civil 5(b)(1)(C) provides in relevant part:

(b) *Extension of time.*

(1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period . . . may extend the time for filing the record only if it makes the following findings:

. . .

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing.

■ Strict compliance with the requirements of Rule 5(b) is required. *Hairgrove v. Oden*, 365 Ark. 53, 223 S.W.3d 827 (2006) (*per curiam*). Granting of an extension is not a mere formality. *Id.* Under Ark. R. App. P.–Civ. 5(b)(1), an extension of time may be granted only if the circuit court makes the findings set out in the rule, including a finding that all parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing. Proof of service of the motion for an extension of time under Ark. R. App. P.–Civ. 5(b) is not a finding by the circuit court. Accordingly, we remand this matter to the circuit court for compliance with Rule 5(b)(1)(C).

GUNTER, J., concurs.

JIM GUNTER, Justice, concurring. While I agree our rules require the majority decision, I write because it is time to overhaul Rule 5(b)(1)(C) of the Arkansas Rules of Appellate Procedure–Civil.

Article 2 § 13 of the Arkansas Constitution states:

Every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character; he ought to obtain justice freely, and without purchase; completely, and without denial; promptly and without delay; conformably to the laws.

In this case, we are requiring strict compliance with a rule when neither litigant has objected. We want an order from the Circuit Court stating that, as a minimum, the parties have had an opportunity to be heard. However, the parties have little to do

with the real problem, that is, the court reporter's time. Under our current rule, when the court reporter needs more time to finish the transcript, we interrupt the work of completing the transcript in order to have a hearing to determine whether to authorize more time for completion of the transcript. When the court reporter is unable to get it all done on time, why extend the time by requiring extra work not requested by either party?

I suggest a review of our rule with a view to practicality balanced against the standard of our constitution which promises "justice freely" and "without delay."