David E. LOONEY *v.* BANK of WEST MEMPHIS;
Kay Raby, Assignee

07-49                                    249 S.W.3d 126

Supreme Court of Arkansas
Opinion delivered February 1, 2007

*Butler Hickey & Harris,* by: *Andrea Brock,* for appellant.

No response.

Per Curiam. Appellant David E. Looney, by and through his attorneys, Butler Hicky & Harris, has filed a motion for rule on clerk to file the record and have his appeal docketed. The clerk refused to docket his appeal and would not accept the record due to a failure to comply with Arkansas Rule of Appellate Procedure – Civil 5(b)(1).

Rule 5(b)(1) provides:

> (b) *Extension of time.*
>
> (1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:
>
> (A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;
>
> (B) The time to file the record on appeal has not yet expired;

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

(D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and

(E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal.

Here, on October 11, 2006, the trial court entered an order extending Appellant's deadline to file the record to January 12, 2007. However, the order extending the time to file the record makes no reference to any findings of the circuit court as required by Rule 5(b)(1).

This court has made it very clear that we expect strict compliance with the requirements of Rule 5(b), and that we do not view the granting of an extension as a mere formality. *See* *Hairgrove v. Oden*, 365 Ark. 53, 223 S.W.3d 827 (2006) (per curiam). Accordingly, we remand this matter to the trial court for compliance with Rule 5(b)(1).

Remanded.