CLOVERDALE NEIGHBORHOOD ASSOCIATION
and Troy Laha *v.* Herbert GOSS and Elsie Goss

07-62                                        249 S.W.3d 810

Supreme Court of Arkansas
Opinion delivered February 8, 2007

*Riable & Crabtree*, by: *Mark Riable*, for appellants.

No response.

PER CURIAM. Appellants, Cloverdale Neighborhood Association and Troy Laha, by and through their attorney, Mark Riable, have filed a motion for rule on clerk. The record reflects that appellants timely filed their notice of appeal on July 31, 2006, making their record on appeal due on or before October 28, 2006. On October 18, 2006, the Pulaski County Circuit Court entered an order extending the time for filing the transcript to January 16, 2007. When appellants attempted to tender the record on January 12, 2007, the clerk of this court refused to accept it because the motion for extension of time for filing did not comply with the requirements of Ark. R. App. P. – Civ. 5(b). Appellant subsequently filed the present motion.

Rule 5(b)(1)(C) states in part:

(b) Extension of time.

(1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period . . . may extend the time for filing the record only if it makes the following findings:

(A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

(B) The time to file the record on appeal has not yet expired;

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing[.]

*Id.*

█ This court has made it very clear that we expect strict compliance with the requirements of Rule 5(b), and that we do not view the granting of an extension as a mere formality. *See, e.g., Clark v. Tobias*, 368 Ark. 591, 247 S.W.3d 886 (2007) (per curiam); *Davis v. State*, 368 Ark. 380, 246 S.W.3d 439 (2007) (per curiam); *Woods v. Tapper*, 367 Ark. 239, 238 S.W.3d 929 (2006) (per curiam). The order of extension in this case makes no reference to the findings of the circuit court required under Rule 5(b)(1)(C). Accordingly, we remand this matter to the trial court for compliance with Rule 5(b)(1)(C).

Remanded.