OFFICE of CHILD SUPPORT ENFORCEMENT *v.*
Anthony G. BROWN

07-530                                                                      258 S.W.3d 725

Supreme Court of Arkansas
Opinion delivered June 14, 2007

*Greg L. Mitchell,* for appellant.

No response.

PER CURIAM. Appellant Office of Child Support Enforcement (OCSE), by and through its attorney, Greg L. Mitchell, has filed a motion for rule on clerk. The record, which consists of a consolidated record for the four cases against appellee Anthony G. Brown, reflects that OCSE timely filed its notice of appeals on

December 4, 2006, making its record on appeal due on or before March 5, 2007.[1] On February 27, 2007, the circuit court entered an order in each of the four cases extending the time for filing the transcript to "thirty (30) days from March 4, 2007." Then, on March 30, 2007, the circuit court entered a second order of extension in each of the four cases extending the time for filing the transcript until May 15, 2007. OCSE tendered the record to this court on May 15, 2007. In its motion for rule on clerk, OCSE states that each motion for extension was served upon the appellee, without response, and that the extensions of time were made in good faith and were done at no fault of its own. OCSE further states that the appellee is not prejudiced by the delay in filing the appeal and requests a motion for rule on clerk.

A review of the circuit court's orders in the record before us reveals that the orders of extension fail to comply with Ark. R. App. P. – Civ. 5(b) (2007). Rule 5(b)(1) provides:

(b) *Extension of time.*

(1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

(A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

(B) The time to file the record on appeal has not yet expired;

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

(D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and

---

[1] While OCSE states in its motion that the record was due on March 3, 2007, our calculations result in a due date of March 4, 2007. However, because March 4 was a Sunday, the time for filing the record would have been extended, pursuant to Ark. R. Civ. P. 6(a) (2007), until Monday, March 5, 2007.

    (E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal.

Ark. R. App. P. – Civ. 5(b)(1) (2007). This court has made it very clear that we expect strict compliance with the requirements of Rule 5(b) and that we do not view the granting of an extension as a mere formality. *See, e.g., Studie v. Corbin*, 369 Ark. 209, 252 S.W.3d 136 (2007) (per curiam); *Cloverdale Neighborhood Ass'n v. Goss*, 368 Ark. 675, 249 S.W.3d 810 (2007) (per curiam); *Looney v. Bank of West Memphis*, 368 Ark. 639, 249 S.W.3d 126 (2007) (per curiam). The orders of extension in this case make no reference to each of the findings of the circuit court, which are required by the rule. Accordingly, we remand the matter to the circuit court for compliance with Rule 5(b).

    Remanded.