## CHARLES R. GRIFFITH FARMS, INC. *v.*
## Edward GRAUMAN

08-497                                                    284 S.W.3d 66

Supreme Court of Arkansas
Opinion delivered May 8, 2008

*Edward H. Schieffler,* for appellant.

No response.

PER CURIAM. Appellant Charles R. Griffith Farms, Inc., by and through its attorney, Edward H. Schieffler, has filed a motion for rule on clerk. The record reflects that the appellant timely filed its notice of appeal on November 21, 2007, making his record on appeal due on or before February 19, 2008. On January 25, 2008, the circuit court entered an order extending the time for filing the transcript to April 27, 2008. Appellant states that when it attempted to tender the record to this court's clerk on April 17, 2008, the clerk refused to docket the record because the clerk questioned the order granting an extension of time.

Appellant subsequently filed the present motion. Attached to appellant's motion is an affidavit from counsel for the appellee, stating that he was aware of the court reporter's inability to complete the record during the initial ninety days, that he knew of appellant's motion for extension of time, and that he had the opportunity for a hearing, but did not object to the extension of time. However, the affidavit does not cure the deficiency of the order granting the extension of time.

Arkansas Rule of Appellate Procedure–Civil 5(b)(1) provides:

(b) *Extension of time.*

    (1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

    (A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

    (B) The time to file the record on appeal has not yet expired;

    (C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

    (D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and

    (E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal.

Ark. R. App. P.–Civ. 5(b)(1) (2007). We have held that Rule 5(b)(1) applies to both civil and criminal cases for the determination of the timeliness of a record on appeal. *See Lancaster v. Carter*, 372 Ark. 181, 271 S.W.3d 522 (2008) (per curiam). We have further held that we expect strict compliance with the requirements of Rule 5(b) and that we do not view the granting of an extension as a mere formality. *See id.* Where an order fails to comply with Rule 5(b), we may remand the matter to the circuit court for compliance with the rule. *See, e.g., Kelly v. Ford*, 373 Ark. 111, 281 S.W.3d 744 (2008) (per curiam).

    Upon a remand for compliance with Rule 5(b)(1), the circuit court shall determine whether the rule was complied with at the time the original motion for extension of time was filed and granted. *See id.* (citing *McGahey v. State*, 372 Ark. 46, 269 S.W.3d 814 (2007) (per curiam)). The circuit court should not permit the parties the opportunity to correct any deficiencies, but instead should make the findings required by the rule as if they were being made at the time of the original motion. *See id.* Should the requirements not have been met at the time of the initial motion

for extension and order, the circuit court's order upon remand should so reflect and be returned to this court. *See id.*

 Because the order of extension in this case makes no reference to each of the findings of the circuit court required by the rule and because there must be strict compliance with the rule, we remand the matter to the circuit court for compliance with Rule 5(b)(1).

Remanded.