2009 Ark. 193

**Anna GEIGER et al., Appellant,**

v.

**HIPP LUMBER & HARDWARE et al., Appellee.**

No. 09–276.

Supreme Court of Arkansas.

April 9, 2009.

*Motion for Rule on Clerk.*

PER CURIAM.

Appellants filed a timely notice of appeal in this case on September 8, 2008, making the record with the transcript of testimony due to be filed on December 8, 2008. On November 12, 2008, appellants filed a motion for extension of time to file the transcript because the court reporter indicated that the transcript would not be prepared by the deadline. That same day, the circuit court entered an order granting appellants' motion and extending the deadline to March 1, 2009.

Appellants attempted to file the transcript on February 24, 2009, but the Arkansas Supreme Court Clerk refused to accept it. Counsel for appellants was notified that he must file a motion for rule on clerk because the circuit court's order did not meet the requirements for Arkansas Rule of Appellate Procedure—Civil 5(b)(1), which provides:

(1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

(A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

(B) The time to file the record on appeal has not yet expired;

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

(D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and

(E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal.

In this case, the court's order states only that the court reporter would be unable to complete the record and that the extension of time would be granted; it contains none of the other findings required by Rule 5(b). This court has held that we expect strict compliance with the requirements of Rule 5(b) and that we do not view the granting of an extension as a mere formality. *See Charles R. Griffith Farms, Inc. v. Grau-*

*man,* 373 Ark. 410, 284 S.W.3d 68 (2008) (per curiam); *Lancaster v. Carter,* 372 Ark. 181, 271 S.W.3d 522 (2008) (per curiam). Where an order fails to comply with Rule 5(b), we may remand the matter to the circuit court for compliance with the rule. *See Grauman, supra.*

Upon a remand for compliance with Rule 5(b)(1), the circuit court shall determine whether the rule was complied with at the time the original motion for extension of time ⌊₃was filed and granted. *Id.* The circuit court should not permit the parties the opportunity to correct any deficiencies, but instead should make the findings required by the rule as if they were being made at the time of the original motion. *Id.* Should the requirements not have been met at the time of the initial motion for extension and order, the circuit court's order upon remand should so reflect and be returned to this court. *Id.*

Because the order of extension in this case makes no reference to each of the findings of the circuit court required by the rule, and because there must be strict compliance with the rule, we remand the matter to the circuit court for compliance with Rule 5(b)(1).