2009 Ark. 380

**Stephen JACKSON, Appellant,**

v.

**Cathy JACKSON, Appellee.**

No. 09–595.

Supreme Court of Arkansas.

June 25, 2009.

James L. Tripcony, Little Rock, for appellant.

Guy R. Satterfield, for appellee.

MOTION FOR RULE ON CLERK

PER CURIAM.

Appellant Stephen Jackson, by and through his attorney James L. Tripcony, has filed a motion for rule on clerk to file his record and have his appeal docketed. The record was tendered by Mr. Jackson on May 29, 2009. However, he was notified by the Arkansas Supreme Court Clerk that the order granting an extension of time did not comply with the language of Arkansas Rule of Appellate Procedure—Civil 5(b)(1)(C), which provides:

(1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

.      .      .      .      .

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing.

While we note that the appellee, Ms. Jackson, has filed a response to Mr. Jackson's motion, stating that she has no objection to his request to lodge the record, we decline to grant Mr. Jackson's request. This court has held that we expect strict compliance with the requirements of Rule 5(b) and that we do not view the granting of an extension as a mere formality. *Wyre v. Wyre*, 2009 Ark. 245, 307 S.W.3d 30 (per curiam). Where an order fails to comply with Rule 5(b), we may remand the matter to the circuit court for compliance with the rule. *Id.*

Upon a remand for compliance with Rule 5(b)(1), the circuit court shall determine whether the rule was complied with at the time the original motion for extension of time was filed and granted. *Id.*

The circuit court should not permit the parties the opportunity to correct any deficiencies, but instead should make the findings required by the rule as if they were being made at the time of the original motion. *Id.* Should the requirements not have been met at the time of the initial motion for extension and order, the circuit court's order upon remand should so reflect and be returned to this court. *Id.* Because the order of extension in this case makes no reference as to whether "all parties have had the opportunity to be heard on the motion," and because there must be strict compliance with the rule, we remand the matter to the circuit court for compliance with Rule 5(b)(1)(C).

Motion for rule on clerk remanded.

GUNTER, J., dissents.

JIM GUNTER, Justice, dissenting.

I would grant the motion. In the instant case, we are |₃remanding to the circuit court for a determination of whether, under Rule 5, the parties have had an opportunity to be heard. However, it is apparent from the response that respondent waives any right to a hearing on the issue of extending the time to file the record. The interest of justice would be best served by granting the motion for rule on clerk.