2009 Ark. 405

**In re ESTATE OF Arver HICKS, Jr., Deceased.**

**No. 09–886.**

Supreme Court of Arkansas.

Sept. 10, 2009.

MOTION FOR RULE ON CLERK

PER CURIAM.

Appellant Jo Anne Davilla, by and through her attorney Roy Gean Jr., has filed a motion for rule on clerk to file her record and have her appeal docketed. The record was tendered by Appellant on July 30, 2009. However, Appellant was notified by the Arkansas Supreme Court Clerk that the order granting an extension of time did not comply with the language of Arkansas Rule of Appellate Procedure–Civil 5(b)(1), which provides:

(1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

(A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

(B) The time to file the record on appeal has not yet expired;

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

(D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any

financial arrangements required for its preparation; and

(E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal.

While we note the late response to the motion, we decline to grant Ms. Davilla's request. This court has held that we expect strict compliance with the requirements of Rule 5(b) and that we do not view the granting of an extension as a mere formality. *Jackson v. Jackson*, 2009 Ark. 380, 329 S.W.3d 677 (per curiam). Where an order fails to comply with Rule 5(b)(1), we may remand the matter to the circuit court for compliance with the rule. *Id.*

Upon remand for compliance with Rule 5(b)(1), the circuit court shall determine whether the rule was complied with at the time the original motion for extension of time was filed and granted. *Id.* The circuit court should not permit the parties the opportunity to correct any deficiencies, but instead should make the findings required by the rule as if they were being made at the time of the original motion. *Id.* Should the requirements not have been met at the time of the initial motion for extension and order, the circuit court's order upon remand should so reflect and be returned to this court. *Id.* Because the order of extension in this cases makes no reference as to whether "all parties have had the opportunity to be heard on the motion," and because there must be strict compliance with the rule, we remand the matter to the circuit court for compliance with Rule 5(b)(1).

Motion for rule on clerk remanded.

GUNTER, J., dissents.

JIM GUNTER, Justice, dissenting.

I would grant the motion. In the instant case, we are remanding to the circuit court for a determination of whether, under Rule 5, the parties have had an opportunity to be heard. However, it is apparent from the lack of a response that respondent waives any right to a hearing on the issue of extending the time to file the record. This court, in the pursuit of strict compliance, is delaying and in some cases denying access to this court by litigants without considering the merits. The court's interjection when neither party raises an issue as to the extension of time to file the record, is the same as the court conducting an audit of proceedings. Our function is to review decisions of the lower court when asked by a party. Here we are reviewing, not the case below, but whether a court rule was followed. We have said that Rule 5 is designed for the efficient handling of appeals. Here we have proved that it has done just the opposite. Therefore, the interest of justice would be best served by granting the motion for rule on clerk.