# SUPREME COURT OF ARKANSAS

No. CV–13–1134

| | |
|---|---|
| ALBERT COLEMAN<br><br>APPELLANT<br><br>V.<br><br><br>ERIC STROM AND IDA STROM<br>APPELLEES | **Opinion Delivered** January 16, 2014<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT<br>[NO. 60PR-2011-1814]<br><br>HONORABLE MORGAN E. WELCH, JUDGE<br><br>MOTION FOR RULE ON CLERK; REMANDED. |

**PER CURIAM**

Appellant, Albert Coleman, by and his through his attorney, Bridgette M. Frazier, has filed a motion for rule on clerk to file the record and have his appeal docketed. The clerk refused to docket the appeal because the circuit court's order granting an extension of time to lodge the record on appeal did not contain findings as required by Arkansas Rule of Appellate Procedure–Civil 5(b)(1) (2013).

Rule 5(b)(1) provides:

(b) Extension of time.

(1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

(A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

(B) The time to file the record on appeal has not yet expired;

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

(D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and

(E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal or for the circuit clerk to compile the record.

In this case, the circuit court's order contains only a finding that "good cause" existed for granting appellant's motion to extend the time for lodging the record on appeal. The order contains none of the findings required by Rule 5(b)(1).

This court has made it clear that there must be strict compliance with Rule 5(b) and that we do not view the granting of an extension as a mere formality. *Looney v. Bank of W. Memphis*, 368 Ark. 639, 249 S.W.3d 126 (2007) (per curiam). Where an order fails to comply with Rule 5(b), we may remand the matter to the circuit court for compliance with the rule. *Charles R. Griffith Farms, Inc. v. Grauman*, 373 Ark. 410, 284 S.W.3d 68 (2008) (per curiam).

Upon a remand for compliance with Rule 5(b)(1), the circuit court shall determine whether the rule was complied with at the time the original motion for extension of time was filed and granted. *Wyre v. Wyre*, 2009 Ark. 245, 307 S.W.3d 30 (per curiam). The circuit court should not permit the parties the opportunity to correct any deficiencies, but instead should make the findings required by the rule as if they were being made at the time of the original motion. *Id*. Should the requirements not have been met at the time of the initial motion for extension and order, the circuit court's order upon remand should so reflect and

be returned to this court. *Id.*

Because the order in this case does not contain the findings required by the rule and because there must be strict compliance with the rule, we remand the matter to the circuit court for compliance with Rule 5(b)(1).

Remanded.