SLIP OPINION

Cite as 2015 Ark. 487

# SUPREME COURT OF ARKANSAS

**No.** CV–15–961

| | |
|---|---|
| J. DAVID JOHN | **Opinion Delivered** December 17, 2015 |
| APPELLANT | MOTION FOR RULE ON CLERK |
| V. | |
| MEGAN MARIE BOLINDER | <u>REMANDED TO CIRCUIT COURT</u> |
| APPELLEE | <u>TO DETERMINE COMPLIANCE</u> <u>WITH ARKANSAS RULE OF</u> <u>APPELLATE PROCEDURE–CIVIL</u> <u>5(b)(1)(C)</u>. |

**PER CURIAM**

Appellant J. David John filed a motion for rule on clerk asking this court to direct the clerk of the court to file his record and have his appeal docketed or, in the alternative, to remand this case to the circuit court for compliance with Rule 5(b)(1)(C) of the Arkansas Rules of Appellate Procedure–Civil. The clerk refused to docket his appeal because the order for extension of time was inadequate inasmuch as it failed to comport with Rule 5(b)(1)(C) which requires that the order recite that all parties had an opportunity to be heard. Rule 5(b)(1) provides:

> (1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:
>
> (A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;
>
> (B) The time to file the record on appeal has not yet expired;

SLIP OPINION

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

(D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required by its preparation; and

(E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal.

Ark. R. App. P.–Civil 5(b)(1).

Although this court has made it clear that we "expect strict compliance with the requirements of Rule 5(b), and that we do not view the granting of an extension as a mere formality," it is our practice to remand cases such as this to the circuit court when the order extending time for completion of a transcript does not contain the above-referenced statement. *See Wrye v. Wrye*, 2009 Ark. 245, 307 S.W.3d 30 (per curiam). Upon remand for compliance with Rule 5(b)(1), the circuit court shall determine whether the rule was complied with at the time the original motion for extension of time was filed and granted. *See id.* Should the requirements not have been met at the time of the initial motion for extension and order, the circuit court's order upon remand should so reflect and be returned to this court. *See id.*

Remanded.