SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV–15–664

| | |
|---|---|
| KAREN GRANGER AND BRIAN GRANGER<br><br>APPELLANTS<br><br>V.<br><br><br>FARM BUREAU MUTUAL INSURANCE COMPANY OF ARKANSAS, INC.<br><br>APPELLEE | **Opinion Delivered** January 28, 2016<br><br>MOTION TO DISMISS AND STAY BRIEFING SCHEDULE; OPPOSITION TO CERTIFICATION OF MOTION TO DISMISS; REQUEST FOR ATTORNEY'S FEES<br><br><br>MOTION TO DISMISS AND STAY BRIEFING SCHEDULE TREATED AS MOTION TO RECONSIDER MOTION FOR RULE ON CLERK; APPEAL DISMISSED; OPPOSITION TO CERTIFICATION OF MOTION TO DISMISS MOOT; REQUEST FOR ATTORNEY'S FEES GRANTED. |

**KAREN R. BAKER, Associate Justice**

On September 29, 2015, appellee Farm Bureau Mutual Insurance Company of Arkansas, Inc. ("Farm Bureau") filed a motion to dismiss and stay briefing schedule. Farm Bureau's motion alleges that appellants Karen and Brian Granger's ("Granger") August 19, 2015 motion for rule on clerk was not served on Farm Bureau. On September 24, 2015, we granted Granger's motion for rule on clerk. However, Farm Bureau asserts that it was not aware of the motion for rule on clerk until counsel was electronically notified by this court of the briefing schedule. Upon further examination of the record, we have determined that

Granger's motion for rule on clerk was improvidently granted and we dismiss the appeal.

On October 3, 2014, Granger filed a notice of appeal, designating for appeal orders entered on July 7, 2011, March 3, 2014, March 18, 2014, March 31, 2014, April 3, 2014, and September 4, 2014. Pursuant to Rule 5 of the Arkansas Rules of Appellate Procedure–Civil, the record was due to be filed in this court within ninety days from the filing of the first notice of appeal. Because the ninetieth day fell on New Year's Day, the record was due on Friday, January 2, 2015. On December 18, 2014, Granger filed a motion for enlargement of time to file the transcript, requesting that the circuit court enlarge the time to file the record by sixty days. On the same day, the Crittenden County Circuit Court entered an order granting the motion and extending the time to lodge the record by sixty days.

On March 18, 2015, the circuit court entered an order denying Granger's second request for an extension of time to lodge the record. The order states that on February 26, 2015, Granger's counsel appeared in chambers requesting an enlargement of time to lodge the record; the court's clerk advised counsel that the record was prepared for filing; counsel's reason for seeking an extension was for time to diligently review the record; and opposing counsel were present and objected to the extension of time to file the record. Further, the circuit court found that Granger failed to demonstrate good cause for an enlargement of time to file the record. On March 20, 2015, the circuit court entered a second order denying the oral request for an extension of time.

On March 27, 2015, Granger filed a motion for reconsideration of the order denying Granger's second motion for enlargement of time to lodge the record. On May 1, 2015, the

circuit court entered an order denying Granger's motion for reconsideration and finding that the December 18, 2014 order granting Granger's motion for enlargement of time failed to comply with Rule 5(b)(1) of the Arkansas Rules of Appellate Procedure–Civil. The order states in pertinent part as follows:

> This Court granted the Plaintiffs' first motion of enlargement of time to lodge an appellate record on December 16, 2014.[1] However, in retrospect, the Court realizes this Order was entered without hearing or notice to Defendants Farm Bureau and Baber and without an express finding of good cause as to the need for the extension of time.

Arkansas Rule of Appellate Procedure–Civil 5(b)(1) provides as follows:

(b) Extension of time.

> (1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:
>
> > (A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;
> >
> > (B) The time to file the record on appeal has not yet expired;
> >
> > (C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;
> >
> > (D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and
> >
> > (E) An extension of time is necessary for the court reporter to include the

---

[1]The May 1, 2015 order states that the circuit court granted the first motion for enlargement of time on December 16, 2014; however, the extension order was not filed until December 18, 2014.

stenographically reported material in the record on appeal or for the circuit clerk to compile the record.

There must be strict compliance with the requirements of Rule 5(b). *Winrock Grass Farm, Inc. v. Metropolitan Nat'l Bank*, 373 Ark. 515, 284 S.W.3d 521 (2008). In the May 1, 2015 order, the circuit court found that the December 18, 2014 extension order failed to comply with the requirements of Rule 5(b)(1)(A) and (C) because no hearing was held, and Farm Bureau was not given an opportunity to be heard or to respond to the motion prior to the entry of the order granting the extension. Further, the circuit court found that Granger failed to state good cause for an extension of the deadline to lodge the record on appeal. Due to the December 18, 2014 order's noncompliance with Rule 5(b), the order of extension entered by the circuit court was void. Because the December 18, 2014 order was ineffective to extend Granger's time to lodge the record, we must dismiss the appeal because Granger failed to timely lodge the record ninety days after the October 3, 2014 notice of appeal. Interestingly, Granger contended in his August 19, 2015 motion for rule on clerk that he was only attempting to appeal the May 1, 2015 order denying his motion for reconsideration. However, subsequent to the December 16, 2015 certification of Farm Bureau's motion to dismiss and stay briefing schedule, Granger tendered an opposition to certification on January 12, 2016. In his opposition, Granger states that "Appellee breached the parties' contract and engaged in bad faith by relying on certain misstatements in Appellants' insurance application to avoid paying their homeowners' claim." Thus, despite Granger's assertions to the contrary, it is clear that Granger has been disingenuous with this court and is attempting to appeal the

underlying merits of this case. Thus, upon further review, we have determined that the motion for rule on clerk was improvidently granted. We now dismiss the appeal.

As noted above, Granger tendered an opposition to certification of Farm Bureau's motion to dismiss. On January 21, 2016, Farm Bureau tendered a response to Granger's opposition to certification of Farm Bureau's motion to dismiss. In the response, Farm Bureau requests attorney's fees and all other just and proper relief to which they may be entitled. We grant Farm Bureau's request for attorney's fees in the amount of $1,500.00. Granger's opposition to certification of Farm Bureau's motion to dismiss is moot.

Motion to dismiss and stay briefing schedule treated as motion to reconsider motion for rule on clerk; appeal dismissed; opposition to certification of motion to dismiss moot; request for attorney's fees granted.

DANIELSON, J., concurs.

**PAUL E. DANIELSON, Justice, concurring.** I agree that the motion for rule on clerk granted in this case on September 24, 2015, was improvidently granted and that we should dismiss the appeal. However, my analysis differs from that of the majority. In their motion for rule on clerk, appellants Karen Granger and Brian Granger asserted that their last notice of appeal was filed on May 22, 2015, making the record due on August 20, 2015. However, Arkansas Rule of Appellate Procedure–Civil 5(a) provides that the record shall be filed within ninety days "from the filing of the *first* notice of appeal." (Emphasis added.) As the majority notes, the appellants' first notice of appeal was filed on October 3, 2014; accordingly, the record was due on January 2, 2015. At most, the appellants were granted a

sixty-day extension by virtue of the circuit court's December 18, 2014 order, although the circuit court later questioned the validity of that extension. The appellants did not attempt to lodge the record in this case until August 17, 2015. In my opinion, they have failed to demonstrate good cause for this protracted delay. *See McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). Therefore, the motion for rule on clerk was improvidently granted.