SLIP OPINION

Cite as 2016 Ark. 42

# SUPREME COURT OF ARKANSAS

**No.** CV–16–21

| | |
|---|---|
| SUSANNAH BAXTER | **Opinion Delivered** February 4, 2016 |
| APPELLANT | MOTION FOR RULE ON CLERK |
| V. | |
| JOHN WING, LANIE MARTIN, and STEPHEN WING | |
| | <u>REMANDED</u>. |
| APPELLEES | |

## PER CURIAM

Appellant, Susannah Baxter, by and through her attorney, Sarah L. Waddoups, has filed a motion for rule on clerk, to file the record and have her appeal docketed. The clerk refused to docket the appeal for two reasons. First, the clerk determined it was untimely filed. Second, because the circuit court's order granting an extension of time to lodge the record on appeal did not contain the requisite language of Arkansas Rule of Appellate Procedure–Civil 5(b)(1) (2014).

A review of the record shows that it was timely tendered. The pleadings referenced a notice-of-appeal filing date of June 5, 2015. This was misleading because, although the notice of appeal was filed on that date, the court's order was not filed until June 22, 2015. Consequently, under Arkansas Rule of Appellate Procedure–Civil 4(a), the notice of appeal was deemed filed on June 23, 2015. Calculating the time forward, the record was timely tendered.

Despite the timeliness of tendering the record, the clerk was still correct in refusing to accept the record due to lack of compliance with Arkansas Rule of Appellate Procedure–Civil 5(b)(1).

Rule 5(b)(1) provides as follows:

> (b)  *Extension of time*.
> (1)  If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it make the following findings:
> (A)  The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;
> (B)  The time to file the record on appeal has not yet expired.
> (C)  All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;
> (D)  The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and
> (E)  An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal or for the circuit clerk to compile the record.

In this case, the circuit court granted two extensions; however, neither order had any finding relating to subsection (b)(1)(C) that the parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing.  This court has made it clear that there must be strict compliance with Rule 5(b) and that we do not view the granting of an extension as a mere formality.  *See Looney v. Bank of W. Memphis*, 368 Ark. 639, 249 S.W.3d 126 (2007) (per curiam).  When an order fails to comply with Rule 5(b), we may remand the matter to the circuit court for compliance with the rule.  *See Charles R. Griffith Farms, Inc. v. Grauman*, 373 Ark. 410, 284 S.W.3d 68 (2008) (per curiam).

Upon a remand for compliance with Rule 5(b)(1), the circuit court shall determine whether the rule was complied with at the time the original motion for extension of time was filed and granted. *See Wyre v. Wyre,* 2009 Ark. 245, 307 S.W.3d 30 (per curiam). The circuit court should not permit the parties the opportunity to correct any deficiencies, but instead should make the findings required by the rule as if they were being made at the time of the original motion. *See id.* Should the requirements not have been met at the time of the initial motion for extension and order, the circuit court's order upon remand should so reflect and be returned to this court. *See id.*

Because neither extension order in this case contained all of the findings required by the rule, and because there must be strict compliance with the rule, we remand the matter regarding both orders to the circuit court for compliance with Rule 5(b)(1).

Remanded.